NEW AMSTERDAM CASUALTY CO. v. OLCOTT.  (No. 6607.)

(Supreme Court, Appellate Division, First Department. December 31, 1914.)

INSURANCE (§ 181*)—LIABILITY FOR PREMIUMS—WORKMEN'S COMPENSATION LAW—EFFECT OF INVALIDITY—RISK.

That the Workmen's Compensation Law (Laws 1910, c. 674) was declared unconstitutional by a decision rendered after expiration of the term of an insurance policy covering the insured's liability under such law did not relieve the insured from liability for unpaid premiums due on such policy; the risk insured against being one which attached at the

issuance of a policy and continued until expiration of the insured period, since during that time the insured rested under the possibility of being cast in damages in the event of accident to employés.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 391; Dec. Dig. § 181.*]

Submission of controversy between the New Amsterdam Casualty Company and J. Van Vechton Olcott, as receiver of the Ferguson Contracting Company, on an agreed statement of facts. Judgment for plaintiff.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

Alvin C. Cass, of New York City, for plaintiff.
John C. Coleman, of New York City, for defendant.

HOTCHKISS, J.   On January 29, 1910, the plaintiff issued to the defendant, as receiver of the Ferguson Contracting Company, its policy of liability insurance, whereby it agreed to indemnify the defendant against loss from liability imposed by law upon him for damages on account of bodily injuries accidentally suffered, or alleged so to have been, while that policy was in force, including death, by any employé of the defendant while working at any place as described in the policy. The premium was based on the entire compensation paid to defendant's employés as the same should be ascertained in the manner provided for in the contract. This policy ran for one year from its date. On August 31, 1910, by a rider attached to the policy and in consideration of an additional premium, the risks covered by the policy were extended from and after the date last mentioned to the end of the insured period, so as to cover the liability of the assured under chapter 674, Laws 1910, known as the "Workmen's Compensation Law." The total amount of the premium for the additional risk covered by the rider for the unexpired time covered by the policy amounted to $704, no part of which has been paid.

In the case of Ives v. South Buffalo Ry. Co., 201 N. Y. 271, 94 N. E. 431, 34 L. R. A. (N. S.) 162, Ann. Cas. 1912B, 156, the Court of Appeals on March 24, 1911, declared the Workmen's Compensation Law to be unconstitutional. This decision reversed the decision in the same case theretofore made by the Appellate Division of this court in the Fourth Department (140 App. Div. 921, 125 N. Y. Supp. 1125), which latter decision, until its reversal, was the accepted law of the state. It will be noticed, however, that the period covered by the policy had expired some time before the decision of the Court of Appeals was rendered. The question submitted for our determination is whether the plaintiff is entitled to recover the amount of its said premium, together with interest to a date agreed upon by the parties, and amounting in the aggregate to $851.23, or whether defendant is under no liability to pay said premium, or any part thereof, because, as he contends, the act being unconstitutional, there was in fact no liability to insure against, and the contract of insurance was without consideration.

I think the defendant has misapprehended the meaning of the term

"risk," upon which the question at issue depends. If property insured against fire turns out to have been destroyed before, or to have had no existence at the time the policy was written, clearly no risk ever attached, and the insurer could not claim to have given any consideration for the premium reserved. But here the *risk* insured against attached at the time the policy was issued, and continued until the policy expired, because during all of that period the defendant rested under the possibility of being cast in damages in the event that accidents such as those insured against had happened. The fact that thereafter the act was held to be void did not destroy the risk, qua risk, which existed while the act was in force. It would seem, however, as if all doubt was removed by the agreement of the parties themselves, for in the rider it was provided:

"The actual wages and earned premium shall be determined in the manner set forth in the policy to which this indorsement is attached, and it is agreed that such earned premium shall be retained by the company, regardless of the construction which may be given by the courts to the law referred to herein"—being the act in question.

There should be judgment for the plaintiff for $851.23, with costs. All concur.

---

In re FRASER et al. In re LATHAM'S WILL. In re ALLEN. (No. 6542.)

(Supreme Court, Appellate Division, First Department. December 31, 1914.)

1. EXECUTORS AND ADMINISTRATORS (§ 111*)—CHARGES AND CREDITS—COUNSEL FEES.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 448–462; Dec. Dig. § 111.*]

2. EXECUTORS AND ADMINISTRATORS (§ 111*)—EXPENSE OF ADMINISTRATION—RESISTING OBJECTION TO APPOINTMENT.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 448–462; Dec. Dig. § 111.*]

Dowling, J., dissenting in part.

Appeal from Surrogate's Court, New York County.

In the matter of Charles Fraser and others, as executors of the estate of John C. Latham, deceased. From so much of a decree of Sur-