Zurich General Accident and Liability Insurance Company, Limited, of Zurich, Switzerland, Respondent, *v.* Union Ferry Company of New York and Brooklyn, Appellant.

Second Department, November 10, 1922.

Insurance — liability insurance — action to recover premium — defense that by mutual mistake policy covered other liability — question of fact whether mistake existed as to additional liability and whether defendant was negligent in not discovering it — decisions of United States Supreme Court did not render contract void.

In an action to recover the premium due on a liability insurance policy in which the defense interposed was that the policy was intended to cover liability under the Workmen's Compensation Law only and that by mutual mistake it was written to cover additional liabilities and that the premium demanded was by reason thereof in excess of that which would have been due on the policy covering liability under the Workmen's Compensation Law only, it was error to direct a verdict for the plaintiff at the close of the trial, for the evidence presented a question of fact as to whether the defendant's claim was true and if true, whether it was negligent in failing to discover the error in the policy.

Although the defendant was a maritime company, the decisions of the United States Supreme Court (*Southern Pacific Co.* v. *Jensen*, 244 U. S. 205; *Knickerbocker Ice Co.* v. *Stewart*, 253 id. 149) did not render the contract void, for the

defendant was at all times protected from liability, and if the effect of those decisions removed defendant's employees from the application of the Workmen's Compensation Law, still the risk which existed before was not destroyed.

KELLY, J., dissents, with opinion.

APPEAL by the defendant, Union Ferry Company of New York and Brooklyn, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 22d day of March, 1922, upon the verdict of a jury rendered by direction of the court, and also from a denial of defendant's motion for a new trial made upon the minutes.

*George P. Hotaling,* for the appellant.

*Alfred W. Andrews,* for the respondent.

PER CURIAM:

The evidence in this case presents a question of fact as to the nature of the contract between the parties to the action.

Admittedly, plaintiff issued and delivered to the defendant a combination policy covering liability under the Workmen's Compensation Law, and also other employers' liability. Defendant insists that the contract ordered was to cover its liability under the Workmen's Compensation Law and that alone. It was for the jury to determine whether defendant's claim was true. If this be true, there was no contract so far as the additional insurance was concerned, and defendant would then be entitled to a rescission of that portion of the policy issued, unless defendant was negligent in failing to discover the error in the policy. (*Curtis* v. *Albee,* 167 N. Y. 360, 365; *Salomon* v. *North British & M. Ins. Co.,* 215 id. 214, 218.)

Whether defendant was negligent in this respect should also have been left to the jury. (*Hay* v. *Star Fire Ins. Co.,* 77 N. Y. 235; *International Ferry Co.* v. *American Fidelity Co.,* 207 id. 350.)

The decisions of the United States Supreme Court in *Southern Pacific Co.* v. *Jensen* (244 U. S. 205) and *Knickerbocker Ice Co.* v. *Stewart* (253 id. 149) did not render the contract between the parties void. Defendant was at all times protected from liability, and if the effect of those decisions removed defendant's employees from the application of the Workmen's Compensation Law, still the risk which existed before was not destroyed. (*New Amsterdam Casualty Co.* v. *Olcott,* 165 App. Div. 603.)

Defendant has received the benefit of the policy issued and must pay the premiums as therein specified for the insurance furnished under the Workmen's Compensation Law; whether it shall pay more depends upon the findings of the jury upon the questions to be submitted as here indicated.

**170**   ZURICH GENERAL ACCIDENT, ETC., CO. *v.* UNION F. CO.

Second Department, November, 1922.          [Vol. 203

The judgment and order should be reversed on the law and a new trial granted, with costs to abide the event.

BLACKMAR, P. J., MANNING, KELBY and YOUNG, JJ., concur; KELLY, J., dissents and reads for affirmance.

KELLY, J. (dissenting):

The defendant's claim, repeated several times in its points, that the Supreme Court of the United States decided in the *Jensen* case that the Workmen's Compensation Law was unconstitutional as to maritime *companies*, is of course without foundation. As to employees of such companies injured while on shore, the law was entirely valid and bound the defendant. (*Industrial Commission* v. *Nordenholt Corp.*, 259 U. S. 263.) I understand that the majority of the court agree with this, and that the defendant is liable for the premium covering the compensation insurance. But as to the other insurance effected by the policy delivered, which stated on its face that it was " Standard Form Employers' Liability and Workmen's Compensation Policy," etc., my brethren are of opinion that there was an issue of fact whether defendant wanted or requested any insurance beyond its liability under the Workmen's Compensation Law.

I find no evidence in the record to show how much, if at all, the premium was increased because the insurance covered claims outside the Workmen's Compensation Law, and I suppose this was something to be proved by defendant if there was any increase. In fact at the opening of the trial defendant's counsel stated in answer to the court's inquiry: " I am inclined to think we will concede that if they are entitled to anything at all, they are entitled to the amount " claimed (*i. e.*, the amount demanded in the complaint, and for which the verdict was directed). So it would seem that the evidence presents no issue as to the amount due because it is evident that plaintiff was entitled to recover premium for the conceded insurance under the Workmen's Compensation Law.

But it seems to me that defendant is concluded from disputing the verdict directed, by the allegations in its amended answer. What insurance was desired by defendant?

Defendant " further alleges upon information and belief that on or about the first day of June, 1916, the defendant, desiring to have the plaintiff assume and agree to pay only according to the provisions of the Workmen's Compensation Law of New York State any compensation defendant might be adjudged to pay to its employees or their dependents under the Workmen's Compensation Law of New York, by reason of accidental injuries or death, *and desiring by reason of such agreement with plaintiff to be protected*

*against and relieved from all other liability whatsoever to such
employees at common law or otherwise, on account of such injuries
or death, and so that the liability to pay the compensation specified
in said Act should be exclusive of all other liability,* entered into an
agreement with plaintiff whereby plaintiff agreed, in consideration
of a certain premium agreed by defendant to be paid to plaintiff
*to insure the defendant under the Workmen's Compensation Law of
New York and not otherwise,* for one year from June 30th, 1916,
and to pay any sums to become due to defendant's workmen or
their dependents or representatives as compensation for accidental
injuries or death, under said Act, whereby plaintiff was to assume
and pay all compensation awarded to defendant's employees or
dependents under said Act, *so that defendant should by reason of
such insurance be granted the immunity provided by section 11 of
said Compensation Law* as amended *and should be freed from all
liability to employees except payment of the compensation under said
Act,* which excepted liability under said agreement and as provided
in said Act *was to be exclusive and in place of any other liability
whatsoever to such employees or anyone otherwise* entitled to recover
damages at common law or otherwise on account of injuries or
death, and so that defendant's employees in case of injuries would
be limited solely to the remedy provided by said Compensation
Act, *and defendant agreed in consideration thereof to pay plaintiff
the said consideration demanded for said insurance, and thereafter
did pay to plaintiff said sum so demanded as premium* therefor."
(Italics mine.)

If the defendant desired by reason of its agreement with plaintiff
to be " relieved from all other liability [*i. e.,* other than liability
under the Workmen's Compensation Law] whatsoever to such
employees at common law or otherwise, on account of such injuries
or death, and so that the liability to pay the compensation specified
in said Act should be exclusive of all other liability," it seems to
me the policy delivered and accepted and retained without objection
for its full term was in accordance with its desire.   It relieved the
defendant from liability under the Workmen's Compensation Law
and from " all other liability."

I am inclined to think that the direction of a verdict for plaintiff
was proper, and am compelled to dissent and vote for affirmance
of the judgment.

Judgment and order reversed on the law, and new trial granted,
with costs to abide the event.