London Guarantee and Accident Company, Ltd., Appellant, *v.* Marine Repair Corporation, Respondent.

Supreme Court, Appellate Term, First Department, February Term — Filed April, 1923.

Insurance — workmen's compensation insurance — policy covering in part maritime workers — action for unpaid premiums — defense that maritime workers are not under compensation laws — counterclaim for part of premiums already paid — judgment for defendant reversed.

A policy of insurance having printed on its back " Universal Standard Workmen's Compensation Policy," followed by the words " Read Your Policy," received and held by the assured for nine months during which a risk attached according to its terms and under which the insured was obligated. to pay an annual premium of more than $1,000, will not be disregarded upon a plea that the policy did not represent the contract between the parties and that the assured agreed only to accept a lesser protection against a risk which never attached, and such a plea must be overruled where there is no claim that the assured did not agree to pay the full premium even for a lesser protection, and no proof of the actual contract or that the assured did not read the policy, and if it did not, no explanation of why it did not do so.

Plaintiff on or about May 31, 1920, issued to the defendant, as an employer, such a policy by which plaintiff agreed to pay all obligations imposed upon said employer under the Workmen's Compensation Law and in addition to indemnify said employer against all loss by reason of any liability imposed on it by law on account of personal injuries to such of its employees as were legally employed if for any reason the law whether statutory or common law imposed any additional or other liability beyond payment under the Workmen's Compensation Law. The premiums were based upon the remuneration paid by defendant to its employees. The rate varied in accordance with the work performed by different classes of employees and the larger part of the premiums was payable for employees performing maritime. work, which under decisions of the United States Supreme Court could not be included in the protection afforded by a workmen's compensation .act enacted by a state. In an action to recover unpaid premiums alleged to have been due when defendant canceled the policy on March 18, 1921, the answer pleaded as a defense for unpaid premiums and as a counterclaim for premiums already paid, that the policy

was void and without consideration because thereby the defendant was insured only against liability under the Workmen's Compensation Acts of New York and New Jersey, statutes not applicable to the business conducted by defendant, but there was nothing in the evidence to sustain a finding that the policy, which was admitted in evidence without objection, did not represent the true intent of the parties. The trial justice sustained the defense and so far as the premiums were based upon the remuneration paid to actual maritime workers as distinguished from those who worked ashore and so far as the policy covered the risk of such maritime work, the counterclaim was also sustained. *Held*, that the judgment entered in favor of defendant will be reversed, with costs, and judgment ordered in favor of plaintiff as demanded by the complaint, with interest from the date of the cancellation of the policy, with costs in the court below.

APPEAL by plaintiff from a judgment in favor of defendant entered in the Municipal Court of the city of New York, borough of Manhattan, first district, after a trial before the court without a jury.

*William Butler* (*Joseph W. Boyan*, of counsel), for appellant.

*Stires & Barron* (*Bernard S. Barron*, of counsel), for respondent.

LEHMAN, J. The plaintiff issued to the defendant about the 31st day of May, 1920, a certain policy of insurance upon a form which on its back is indorsed in print as "Universal Standard Workmen's Compensation Policy" and bears in large letters the words "Read Your Policy." On the 18th day of March, 1921, the defendant canceled the policy. The plaintiff thereupon brought this action for unpaid premiums claimed to be due at the time of cancellation. The premiums were based upon the remuneration paid by defendant to its employees and the rate to be paid varied in accordance with the work performed by the different classes of employees. The larger part of the premiums was payable for employees performing maritime work which the Supreme Court of the United States in the cases of *Southern Pacific Co.* v. *Jensen*, 244 U. S. 205, and *Knickerbocker Ice Co.* v. *Stewart*, 253 id. 149, decided could not be included in the protection afforded by a workmen's compensation act enacted by a state. The defendant pleaded as a defense to the action for unpaid premiums and as a counterclaim for the premiums already paid that the policy was void and without consideration because the policy insured only against liability under the Workmen's Compensation Acts of New York and New Jersey and these acts were not applicable to the business conducted by the defendant. The learned trial justice has sustained the defense and the counterclaim in so far as the premiums under the policy were based upon the remuneration paid to the actual maritime workers as distinguished from those

**598** London Guarantee & A. Co., Ltd., *v.* Marine R. Corp.

Appellate Term, First Department, April, 1923.　　　[Vol. 120

who worked ashore and in so far as the policy covered the risk of such maritime work.

The correctness of the decision in favor of the defendant depends upon three propositions: *First*, that the contract of insurance covered only liability under the Workmen's Compensation Acts; *second*, that no risk as to maritime workers ever attached under the policy under the Workmen's Compensation Acts because the Supreme Court of the United States had decided *before* the policy was issued that these acts were not applicable to maritime work; *third*, that the contract was severable as to the different classes of workmen covered by the policy. The learned justice below has written a clear and careful opinion covering the last two propositions and for the purpose of this appeal I am willing to assume that they are valid but I cannot agree with his interpretation of the policy of insurance which, in my opinion, completely indemnifies the defendant for all liability for any personal injuries suffered by its employees and, therefore, was based upon good consideration even as far as concerns the maritime workers.

The policy provides that the London Guarantee and Accident Company, Limited, of London, England, " Does hereby agree with this Employer named and described as such in the Declarations forming a part hereof, as respects personal injuries sustained by employees, including death at any time resulting therefrom as follows:

" One. (a) To pay promptly to any person entitled thereto, under the Workmen's Compensation Law and in the manner therein provided, the entire amount of any sum due, and all installments thereof as they become due.

" (1) To such person because of the obligation for compensation for any such injury imposed upon or accepted by this Employer under such of certain statutes, as may be applicable thereto, cited and described in an endorsement attached to this Policy, each of which statutes is herein referred to as the Workmen's Compensation Law.

" (2) For the benefit of such persons the proper cost of whatever medical, surgical, nurse or hospital services, medical or surgical apparatus, or appliances and medicines, or, in the event of fatal injury, whatever funeral expenses are required by the provisions of such Workmen's Compensation Law.

" It is agreed that all of the provisions of each Workmen's Compensation Law covered hereby shall be and remain a part of this contract as fully and completely as if written herein, so far as they apply to compensation or other benefits for any personal injury or death covered by this Policy, while this Policy shall remain

in force.   *Nothing herein contained shall operate to so extend this policy as to include within its terms any Workmen's Compensation Law, scheme or plan not cited in an endorsement hereto attached.*

" One. (b) To indemnify this Employer against loss by reason of the liability imposed upon him by law for damages on account of such injuries to such of said employees as are legally employed wherever such injuries may be sustained within the territorial limits of the United States of America or the Dominion of Canada."

The trial justice has found that the policy purports to give to any employee of defendant entitled to compensation under the New York and New Jersey Workmen's Compensation Laws a direct right against the plaintiff for the amount due any such employee for injuries sustained.  In it plaintiff also contracts to indemnify the defendant *for any such payments if defendant should pay in the first instance.*  Italics are mine.  In my opinion the clause " One (b) " quoted above, which covers the indemnity to the defendant cannot be restricted to indemnify for payments made by the employer under the Workmen's Compensation Acts but on the contrary in clear terms the plaintiff has agreed to indemnify the defendant " against loss by reason of the liability imposed upon him by law for *damages* on account of such injuries to such of said employees as are legally employed *wherever such injuries may be sustained within the territorial limits of the United States of America or the Dominion of Canada.*"  The words " *such* injuries to such of *said* employees " can refer only to the 1st paragraph of the policy which states that the agreement is made " as respects personal injuries sustained by employees   *   *   *."  It seems to me quite evident that under the policy the plaintiff agreed to *pay* all obligations imposed upon the employer under the Workmen's Compensation Law and in addition to *indemnify* the employer against all loss by reason of any liability imposed upon him by law on account of personal injuries to such of its employees as are legally employed if for any reason the law, whether statutory or common law imposed any additional or other liability beyond payment under the Workmen's Compensation Law.  In other words, the policy provides for complete protection to the employer against all liability for injuries to his employees and under its terms the risk covered by the policy did attach though perhaps in a different form from that intended by the parties.

It is contended, however, that the actual agreement of the parties was for a policy to cover only liability under the Workmen's Compensation Law and that even though the policy may have covered other liability " there was no contract so far as the additional

**600**  London Guarantee & A. Co., Ltd., *v.* Marine R. Corp.

Appellate Term, First Department, April, 1923.  [Vol. 120

insurance was concerned." *Zurich General Accident, etc., Co.* v. *Union F. Co.*, 203 App. Div. 168. It is doubtless true that as pointed out in that case and in the same case as reported in 198 Appellate Division, 307, where there has been mutual mistake or mistake on one side and fraud on the other, there may be a rescission of part of the policy or a reformation of the policy as a whole. Whether such facts if established would constitute a defense of which the Municipal Court has jurisdiction need not be considered by us for no such defense has been either pleaded or proven. The answer alleges that " the plaintiff issued a certain policy of insurance No. 13752 * * * *which contract is to be read with the same force and effect as if hereinbefore set forth;* * * * that *in and by said contract* plaintiff did not agree to insure defendant for compensation or damages for personal injury," etc. An answer which specifically sets forth the making of a written contract and incorporates its terms by reference cannot be said to put in issue the making of the contract in those terms merely because it sets forth a legal construction inconsistent with these terms. Moreover there is nothing in the evidence to sustain a finding that the policy does not represent the true intent of the parties. The policy was admitted in evidence without objection. The only evidence as to conversations leading up to the delivery of the policy was a single question and answer: " Q. On or about the 30th day of May, 1920, did a solicitor of the London and Guarantee Accident Company come to you and request that you insure under the Workmen's Compensation Act? A. Yes." This certainly does not prove that the defendant intended to make a contract for less protection than it actually received. If the defendant contends that it was misled by the indorsement on the back, " Universal Standard Workmen's Compensation Policy," the plaintiff may well retort that the words following, " Read Your Policy," are much larger and plainer and at least call for some explanation of why the policy was not read. A policy which is received and held by the assured for nine months during which a risk attached according to its terms and under which the insured was obligated to pay an annual premium of more than $1,000 cannot be lightly disregarded on a plea, even if properly urged, that it did not represent the true contract of the parties and that the assured actually agreed only to accept a lesser protection against a risk which never attached, and such a plea must be overruled where there is no claim that the assured did not agree to pay the full premium even for the lesser protection, and no proof of the actual contract or that the assured did not read the policy and if it did not read the policy, no explanation of why it did not do so.

Judgment should be reversed, with $30 costs, and judgment ordered for plaintiff in the sum of $763.89, with interest from March 18, 1921, and appropriate costs in the court below.

LYDON and BURR, JJ., concur.

Judgment reversed.