## Pinzhoffer v. Franzen et al.

*Glenn A. Troutman* for *Alexander F. Barbieri,* for plaintiff.

*Robert C. Duffy* and *Henry Thomas Dolan,* for defendants.

MILNER, J., January 6, 1943.—This is an appeal by claimant from a decision of the Workmen's Compensation Board after a further hearing held in pursuance of an order of this court, dated January 14, 1941, remitting the record in this case to the Workmen's Compensation Board for the purpose of taking further testimony and making further findings thereon.

Claimant is the widow of Joseph L. Pinzhoffer, who was killed as a result of an industrial accident occurring October 27, 1938. The facts concerning the accident are not at issue. An award was made by the Workmen's Compensation Board against the employer, John Franzen, and the appeal has been taken, not from that award, but from the failure of the Workmen's Compensation Board to enter the award against defendant insurance carrier, Pennsylvania Threshermens & Farmers Mutual Casualty Insurance Company, as well as the defendant employer. Claimant maintains that the award should also be made against the insurance carrier because it had issued a policy of compensation insurance to the employer defendant. The insurance carrier denies any liability on the ground that it had given a cancellation notice of termination of its compensation policy which was effective October 25, 1938, a period of two days before the occurrence of the accident.

In its original opinion filed August 9, 1940, the Workmen's Compensation Board affirmed the finding of fact of the referee who heard the case, that at the time of the aforesaid accident, October 27, 1938, there was no workmen's compensation insurance policy in effect covering defendant's business. In this opinion the board said:

"On October 14, 1938, the insurance company advised the defendant that it was cancelling his insurance as of October 24, 1938, by reason of non-payment of premium. Upon receipt of said notice the defendant proceeded to take out insurance with another company, to take effect on October 29, 1938. Unfortunately, on October 27, 1938, the decedent sustained his injuries, resulting in his death.

"The defendant admitted that he had received notice of the said cancellation October 15, 1938, and thereupon he procured new insurance. He further testified that the company made demand for an additional pre-

mium of $54.60, which he did not pay; that he was willing to make payment of said premium providing that the said payment was split up into two monthly payments; that upon his failure to make payment, he received notice of the cancellation.

"The policy in issue, in reference to cancellation, provided as follows:

" 'This policy may be cancelled at any time by either of the parties upon written notice to the other party stating when, not less than ten days thereafter, cancellation shall be effective. The effective date of such cancellation shall then be the end of the policy period.'

"It is obvious from a study of the record that notice of cancellation was given to the defendant as required by the terms of the policy; and that the policy ceased to be in existence upon the expiration of ten days from October 15, 1938. Unfortunately, the injuries sustained by claimant's husband were the result of an accident occurring October 27, 1938, which date was subsequent to the expiration date of the policy. This being the case, there is no liability on the part of the insurance carrier."

From this decision an appeal was taken to this court. On January 19, 1941, this court remitted the record in this case to the Workmen's Compensation Board "for the taking of further testimony and for the making of further findings thereon, relating more specifically to the circumstances concerning the actions of the insurance carrier and the employer with regard to the attempted cancellation of Workmen's Compensation Insurance Policy". Accordingly, a hearing was had before a referee of the Workmen's Compensation Board and additional testimony taken, and additional findings of fact made. The referee ordered his original award republished. Claimant appealed to the board from the findings and order of the referee, which was treated by the board as exceptions to the findings of the referee, and as exceptions were dismissed. The board

affirmed the findings of fact of the referee and made additional findings of fact, and ordered the record remanded to this court for further disposition on the original appeal.

The facts found by the Workmen's Compensation Board may be summarized as follows: The accident occurred on October 27, 1938. Claimant's decedent died October 28, 1938. The employer defendant had a policy for workmen's compensation insurance with the insurance carrier defendant, issued November 29, 1937, the date of expiration of which was November 30, 1938. On October 14, 1938, a cancellation notice was sent by the insurance carrier to the employer defendant by registered mail, notifying him that the policy was canceled as of October 24, 1938. This notice was received by the employer defendant as shown by the receipt therefor, entered as defendant's exhibit D-1. (This receipt shows that notice was received October 15, 1938.) The notice of the cancellation was mailed to the compensation rating bureau in accordance with the terms of the policy, and at least ten days' notice was given by the insurance carrier to the defendant employer notifying him of the cancellation of the said policy in accordance with the terms of the said policy of insurance. A demand for additional premium was made by the insurance carrier on the defendant employer by reason of an increase in rates for compensation insurance published by the rating bureau to cover the increased risk of the compensation act which became effective January 1, 1938. An audit was made of the books and records of the defendant employer by the auditor of the insurance carrier, which substantiated the insurance carrier's demand for the additional premium which audit was certified to as correct by the employer defendant. After the notice of cancellation was received the defendant employer secured a new policy covering workmen's compensation insurance with the Lumbermen's Mutual Casualty Company of New York, effective October 29, 1938.

It is well settled that the duty of a court upon an appeal from the decision of the compensation authorities under the Workmen's Compensation Act is not to weigh the evidence in order to determine the facts, but to examine the record to determine whether there is competent evidence to support the conclusions of the referee and the compensation board: Hill v. Thomas S. Gassner Co. et al., 124 Pa. Superior Ct. 217; Paulin v. Williams & Co., Inc., et al., 122 Pa. Superior Ct. 462; Ferrante v. Ferrante et al., 123 Pa. Superior Ct. 74. We have carefully read the testimony and examined the record in this case, and are of the opinion that the findings of fact found by the referee and the Workmen's Compensation Board are amply supported by legally competent and sufficient evidence.

The only question before us is whether the Workmen's Compensation Board erred in making the award in this case only against the employer defendant. We are of the opinion that it did not err and that its award was proper under the facts and the law in this case.

The notice of cancellation became effective ten days after its receipt by the employer defendant. Inasmuch as he received the notice on October 15, 1938, the cancellation of the policy was effective October 25, 1938. The accident which resulted in the death of claimant's decedent occurred two days after the cancellation became effective.

Although under the terms of the insurance policy it is not specified that any reason need be given for the cancellation of the policy, it appears that the reason the notice of cancellation was given in this case was because the defendant employer refused and failed to pay an additional premium of $54.60 demanded by the insurance carrier. The increased premium rates demanded by the insurance carrier were made in accordance with the increase in rates for insurance published by the Pennsylvania Compensation Rating and Inspection

Bureau to cover the increased risks incurred under the amendment to The Workmen's Compensation Act of June 4, 1937, P. L. 1552, which became effective January 1, 1938. Section 502 of this act permitted the Department of Labor and Industry to assess a charge upon "all employers" of the Commonwealth to pay for the cost of administering the workmen's compensation system and the Rehabilitation Act of July 18, 1919, P. L. 1045. The employer defendant paid the minimum premium at the time he took out the policy, but although demand was made upon him for the additional premium he did not pay it. The Workmen's Compensation Board found that "an audit was made of the books and records of the defendant by the auditor of the insurance carrier, which substantiated the insurance carrier's demand for additional premium, which audit was certified to as correct by the employer defendant."

Claimant calls attention to the fact that, after the demand for the additional premium and the cancellation of the compensation policy, the Supreme Court rendered its decision in the case of Rich Hill Coal Co. et al. v. Bashore, 334 Pa. 449 (1939), declaring certain provisions of The Workmen's Compensation Act of June 2, 1915, P. L. 736, unconstitutional, and by a supplemental opinion on the petition for reargument of that case filed by the then Chief Justice Kephart, dated April 15, 1939, section 502 of the amendatory Act of June 4, 1937, P. L. 1552, was held to be unconstitutional, and the assessment levied upon all employers under the provisions of the said amendatory act was held to be invalid: Rich Hill Coal Co. et al. v. Bashore, supra, p. 497. Claimant maintains that the parties acted under a mistake of law and the insurance carrier is not now privileged to take advantage of this mistake. This contention is not well founded, but on the contrary it is firmly established that acts performed in compliance with an unconstitutional statute

are not invalidated by a later declaration of its unconstitutionality: Dunn et ux. v. Mellon et al., 147 Pa. 11; King v. Philadelphia Co., 154 Pa. 160.

The additional premium which the insurance carrier demanded was in accordance with the rates promulgated by the Pennsylvania Compensation Rating and Inspection Bureau. The Insurance Company Law of May 17, 1921, P. L. 682, sec. 654, provides:

"The classification of risks, underwriting rules, premium rates, and schedule or merit rating plans for insurance of employers and employes under 'The Workmen's Compensation Act of nineteen hundred and fifteen,' and acts amendatory thereof, shall be established by one or more rating bureaus, situate within the Commonwealth of Pennsylvania, subject to supervision and to examination by the Insurance Commissioner and approved by the Insurance Commissioner as adequately equipped to compile rates on an equitable and impartial basis. . . .

"No risk classification . . . [or] premium rate . . . shall take effect without the consent of the Insurance Commissioner . . .

"Neither the State Workmen's Insurance Fund, nor any insurance corporation, mutual association, or company, shall issue, renew, or carry any policy or contract of insurance against liability under 'The Workmen's Compensation Act of one thousand nine hundred and fifteen,' and acts amendatory thereof, except in accordance with the classifications . . . [and] premium rates . . . .promulgated by the rating bureau aforesaid for the risk insured and approved by the Insurance Commissioner for such insurer."

(This section was amended in 1941, see Act of July 31, 1941, P. L. 607, but this amendment was not in force in 1938, and the legal effect of the amendment, so far as the portions of the act quoted are concerned, is the same.)

The record in this case shows that the insurance car-

rier demanded the rates promulgated by the Pennsylvania Compensation Rating and Inspection Bureau to take effect January 1, 1938, and approved by the Insurance Commissioner, in accordance with the circular letter of the Insurance Commissioner who approved the new series of rates promulgated by that bureau and withdrew his approval of the rates previously in effect. Under the law as it stood at the time, the insurance company was obliged to charge the rate demanded and the insured was required to pay it.

In New Amsterdam Casualty Co. v. Olcott, etc., 165 App. Div. 603, 150 N. Y. Supp. 772, the Appellate Division of the Supreme Court of New York decided that the insurance company plaintiff was entitled to recover the amount of a premium on a workmen's compensation policy of insurance issued under the Workmen's Compensation Law of New York, which expired some time before the said Workmen's Compensation Law of New York was declared unconstitutional by the Court of Appeals of that State, and which defendant refused to pay. The court held that the fact that the Workmen's Compensation Law was declared unconstitutional by a decision rendered after expiration of the term of an insurance policy covering the insured's liability under such law did not relieve the insured from liability for unpaid premiums due on such policy, the risk insured against being one which attached at the issuance of the policy and continued until the expiration of the insured's period, since during that time the insured rested under the possibility of being cast in damages in the event of an accident to his employes.

In the case at bar the decision declaring the act unconstitutional was not rendered until after the term of the policy in question had expired but the risk insured against was one which attached when the amendment to The Workmen's Compensation Act of 1937 went into effect, to wit, January 1, 1938.

The testimony adduced in this case shows that the

employer defendant protested the payment of the premium, but his protest was not on the ground that the rate was promulgated under an unconstitutional statute. The employer in this case contended that he was obliged to pay the additional premium only from the time he received the notice of cancellation until the end of the policy period (about 45 days) and not from the effective date of the new rates, January 1, 1938, to the end of the policy period, to wit, November 30, 1938. There was no contention that the mathematical calculation of the new rate was not correct. Had he challenged the constitutionality of the act under which the new rates were promulgated, appropriate remedies were available to him. . . .

It is apparent that the finding of the Workmen's Compensation Board that the insurance policy of the insurance carrier defendant had been canceled prior to the date of the accident in this case and that on the date of the accident "there was no workmen's compensation insurance policy in effect covering the defendant's business" is amply supported by the competent evidence adduced in this case.

We, therefore, conclude that the notice of cancellation of the compensation policy was a proper legal notice; that the workmen's compensation insurance policy of the insurance carrier defendant became null and void on October 25, 1938, and that the Workmen's Compensation Board was correct in its conclusion that the said Pennsylvania Threshermens & Farmers Mutual Casualty Insurance Company was not the responsible insurance carrier for defendant at the time of the industrial accident on October 27, 1938, which resulted in the death of claimant's husband. We, therefore, make the following

*Order*

And now, January 6, 1943, upon consideration of the foregoing case, the appeal of Katherine Pinzhoffer, widow of Joseph L. Pinzhoffer, deceased, claimant, is

dismissed; the award of the Workmen's Compensation Board against defendant, John Franzen, is affirmed, and judgment is entered for claimant on the award.