John E. Cone, J.
In this action on a workmen’s compensation and employers ’ liability policy, the defendant Globe Indemnity Company moves for summary judgment.
The papers reveal that a claim for workmen’s compensation was filed by an employee of plaintiff, a Resident of New Jersey, who was injured at plaintiff’s place of business in New Jersey. After a hearing an award was granted but defendant disclaimed coverage under the terms of the policy. No issue of fact has been presented and the only issue revolves around the interpretation to be given to the provisions of coverage set forth in the policy. Paragraph 1-A relates to the obligation of the insurer to pay any award under the compensation laws of the State of New York and paragraph 1-B is quoted as follows: “ To indemnify this employer against any loss by reason of the liability imposed upon him by law for damages on account of such injuries to such of said employees as are legally employed wherever such injuries may be sustained within the territorial limits of the United States of America ”.
The pleadings and exhibits clearly indicate that the policy of insurance was issued by defendant to cover only a claim filed under the Workmen’s Compensation Law of the State of New York and was not to include any claim for compensation in any other State or territory. Under the circumstances plaintiff has no redress or cause of action for any alleged breach of the workmen’s compensation coverage set forth in paragraph 1-A of the policy. The failure to provide for coverage under the laws of the State of New Jersey was due to the negligence of either the plaintiff or his agent who procured the policy from the defendant.
Plaintiff’s contention that defendant is responsible under the provisions of paragraph 1-B relating to the employer’s right of indemnification must also fail. The purpose of the second insuring clause in the policy was to afford coverage to plaintiff for injury to employees where the injury did not occur to the employee in the course of his employment and would not be covered by the first insuring clause. The combination insurance contract covered plaintiff’s liability as an employer under the Workmen’s Compensation Law and also his common-law liability on account of injuries to his employees. The latter provision was inserted as an addition to and other than that which would be compensable under a workmen’s compensation claim. (London Guar. & Acc. Co. v. Marine Repair Corp., 120 Misc. 596; Pacific Employers Ins. Co. v. Gilt Edge Dairy, 218 F. 2d 724.)
*861 As the Appellate Division of the Superior Court of New Jersey held in Danek v. Hommer (28 N. J. Super. 68, affd. 15 N. J. 573): “ On the common-law aspect of the coverage, that is for the liability imposed by law, obviously the protection intended was against judgments arising out of common-law negligence actions emanating from injuries to, or occupational diseases suffered by, employees, to the extent that such liability is not within the scope of the Workmen’s Compensation Act.”
The injured employee did not have a common-law action against his employer arising out of negligence. His injuries arose in the State of New Jersey out of a matter which was within the scope of the Workmen’s Compensation Act of New Jersey (N. J. Stat. Ann., § 34:15-1 et seq.).
Plaintiff’s difficulty is that he did not have insurance coverage for workmen’s compensation claims under the laws of New Jersey. Such a failure does not permit him to transfer the employer’s liability feature of the policy (1-B) into a workmen’s compensation claim.
Accordingly the motion for summary judgment is granted. Settle order on notice.