PENNSYLVANIA MANUFACTURERS' CASUALTY INSUR-
ANCE COMPANY, A CORPORATION OF THE STATE OF
PENNSYLVANIA, PROSECUTOR, v. JOSEPH SCHMER-
BECK AND UNITED SAND AND GRAVEL COMPANY, A
CORPORATION OF THE STATE OF PENNSYLVANIA,
RESPONDENTS.

Argued October 7, 1941—Decided February 26, 1942.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and HEHER.

For the prosecutor, *Coult, Satz, Tomlinson & Morse* (*Joseph Coult, Jr.,* of counsel).

For the respondent Joseph Schmerbeck, *Arthur D. McTighe* (*Hervey Studdiford Moore,* of counsel).

For the respondent United Sand and Gravel Company, *Samuel Koestler* (*Benjamin Nohemie,* of counsel).

BROGAN, CHIEF JUSTICE. By this writ a judgment of the Workmen's Compensation Bureau is brought up for review.

The Deputy Commissioner in his determination ordered that judgment be entered in favor of the petitioner for compensation and against the respondents. The respondents were the United Sand and Gravel Company, a corporation of Pennsylvania (the employer) and the Pennsylvania Manufacturers' Casualty Insurance Company, a Pennsylvania corporation (the employer's insurance carrier). The last named party, namely, the insurance carrier, is the prosecutor of the writ and the contention is that the Workmen's Compensation Bureau was without jurisdiction "to render a judgment against the carrier as the Workmen's Compensation Act of New Jersey does not apply to the contract of insurance, which was in existence at the time of the accident, between the said insurance carrier and the employer."

The basic question is whether our statute (*R. S.* 34:15-84) comprehends the situation that resulted from the facts in this case. That statute reads as follows:

"Every such contract shall further provide, or be construed to provide, that any injured employee or his dependents may enforce the provisions thereof to his or their benefit, either by agreement with the employer and the insurance carrier, in event that compensation be settled by agreement, or by joining the insurance carrier with the employer in his petition filed for the purpose of enforcing his claim for compensation, or by subsequent application to the court of common pleas, upon the failure of the employer, for any reason, to make adequate and continuous compensation payments."

The petitioner, a resident of New Jersey, filed a claim petition on September 13th, 1940, stating that he suffered a compensable accident on July 1st, 1940, at Morrisville, Pennsylvania; that his employer was the United Sand and Gravel Company, Kingston, New Jersey. The name of the insurance carrier was also listed. The employer, in its answer, said that its address was Morrisville, Pennsylvania; that it had notice of the injury; that it arose out of and in the course of the employment; that compensation had been promised "in accordance with the provisions of the Workmen's Compensation Act of Pennsylvania;" that the hiring was done in that state and that the "Workmen's Compensation Com-

mission of New Jersey is without jurisdiction in the premises." The carrier filed "a special answer to claim petition" alleging that the petitioner was hired in Pennsylvania; that it was not the insurer of the employer under the New Jersey Compensation Act but only under the Pennsylvania Workmen's Compensation Act; that it was ready to pay compensation under the Pennsylvania statute and that the New Jersey Compensation Bureau was without jurisdiction.

On December 13th, 1940, a hearing before the Deputy Commissioner was had. Counsel for the insurance carrier appeared for the carrier and the employer and it was stipulated that the issue to be litigated was the question of jurisdiction, that is, whether the contract under which petitioner was hired was made in New Jersey or in Pennsylvania. The undisputed testimony is that the employer's plant was in the State of Pennsylvania and that the petitioner worked for the employer only at that plant. It is unnecessary to go into the details of the hiring. The Deputy Commissioner found that the petitioner was hired in New Jersey. The testimony amply persuades us that this conclusion on this element of the case was correct and we find accordingly.

Thereafter and on December 27th, 1940, the employee filed an amended claim petition for compensation. The insurance carrier was made a party. It filed answer alleging that the statute, *supra*, did not and does not apply to the contract of insurance between it and the employer; and that such contract extended no "coverage to an award to this petitioner under and by virtue of the Workmen's Compensation Act of the State of New Jersey" and that therefore the Bureau of this state had no jurisdiction so far as the carrier was concerned.

A hearing was had on February 7th, 1941. At that hearing the employer was represented by its own counsel and the insurance carrier by counsel who previously appeared for both respondents. Counsel for the carrier moved that the petition, in so far as it named the insurance company as a party to be charged, be dismissed. The motion was rested on the points made in the answer, that is, that our statute, *supra*, had no application to the contract of insurance and that the

insurance did not include a contract of employment made in New Jersey. Counsel for the petitioner conceded the merit of the point but argued that the carrier had entered its appearance and hence the argument was too late. Counsel for the carrier then insisted that the Bureau was without power to interpret the contract of insurance between the carrier and the employer and that the Bureau therefore had no jurisdiction in the premises so far as it was concerned. The Deputy Commissioner then said: "I agree with you I have no jurisdiction to decide the insurance question, but I think there is a case that an award can be made against them." He cited *Brown* v. *Conover,* 116 *N. J. L.* 184; 183 *Atl. Rep.* 304, and then said: "The Bureau cannot decide policy issues but can permit an insurance company to be made a party summoned * * *." The Deputy Commissioner then denied the motion for dismissal and the petitioner proceeded to prove his case *de novo.* The insurance company took no part in the examination of any of the petitioner's witnesses. It called one witness, on its part, to identify the policy of insurance which was received in evidence without objection. This concluded the case. Whereupon counsel for the carrier again moved for dismissal on the ground that the contract of insurance between the parties did not assume liability of the employer for compensation to any employee except under the Compensation Act of the State of Pennsylvania. The Commissioner stated that since the New Jersey statute, *supra,* "gives authority [to a petitioner] to bring action joining the insurance carrier with the employer against both the employer and its carrier I will permit the pleadings to stand at present." The motion was denied. Thereupon the Commissioner entered judgment for compensation for the petitioner against both the employer and the carrier. This, we think, was error so far as it imposed liability on the carrier.

An examination of the contract of insurance shows that its provisions covered the employer's liability for compensable injury by accident under the Workmen's Compensation Act of Pennsylvania. It was erroneous to conclude that the case of *Brown v. Conover, supra,* was controlling. There the contract of insurance applied to a hiring in the State of New

Jersey and covered the accident in question. Here the contract of insurance covered accidents where the matter of compensation was controlled by the Pennsylvania Compensation Act only and no others. If our statute, *supra*, is to be given the efficacy allotted to it under the case of *Brown* v. *Conover*, *supra*, it must be upon the premise that our Compensation Law is made part and parcel of the contract of insurance. But the insurance agreement here issued by the carrier and purchased by the employer made the carrier liable to the injured employee only under the Workmen's Compensation Act of Pennsylvania of 1915, as amended and supplemented. The contract so provides. The motion to dismiss as to the carrier should have been granted.

The judgment against the employer, however, is affirmed.

It has long been settled that if the contract of employment was made in this state, as it was in this case, it is immaterial whether the compensable accident occurred here or elsewhere. *Rounsaville* v. *Central Railroad Co.*, 87 *N. J. L.* 371; 94 *Atl. Rep.* 392; *Steinmetz* v. *Snead & Co.*, 123 *N. J. L.* 138; 8 *Atl. Rep.* (2d) 126. The decision on this point is dispositive of the case.

The matter is remanded to the Bureau so that the respondent below, Pennsylvania Manufacturers' Casualty Insurance Company, may be dismissed from the proceedings. The judgment as thus modified is affirmed. Costs are allowed to the prosecutor to be equally borne by the petitioner and the employer.