Weinberg, Appellant, *v.* State Workmen's Insurance Fund.

Argued May 23, 1951. Before DREW, C. J., STERN, STEARNE, JONES, BELL, LADNER and CHIDSEY, JJ.

*Israel Packel,* with him *Paul Weinblatt,* and *Speiser, Satinsky, Gilliland and Packel,* for appellants.

*C. A. Whitehouse,* Assistant Counsel, with him *S. H. Torchia,* Assistant Counsel, *Ralph H. Behney,* Counsel and *Robert E. Woodside,* Attorney General, for appellee.

OPINION BY MR. JUSTICE HORACE STERN, June 27, 1951:

This is a suit on a workmen's compensation policy of the State Workmen's Insurance Fund. In our opinion the learned court below misconceived the nature and extent of the obligation assumed by the Fund under that policy, and, as a result, erroneously sustained preliminary objections to plaintiffs' complaint and entered judgment for defendant.

The State Workmen's Insurance Fund was created by the Act of June 2, 1915, P.L. 762. By section 3 of that Act it was provided that certain sums to be paid by employers should constitute a Fund for the purpose of insuring such employers against liability under article three of the Workmen's Compensation Act of 1915, and of assuring the payment of the compensation therein provided. Section 20 provided that any subscriber to the Fund, upon giving notice of an accident sustained by an employe in the course of his employment, should be discharged from all liability for the payment of compensation for the personal injury or death of such employe by such accident; and all such compensation due therefor, under article three of the Workmen's Compensation Act of 1915, should be paid out of the Fund. Section 21 provided that the Fund might be sued, in the Court of Common Pleas of Dauphin County, to enforce any right given to any subscriber under the Act.

Plaintiffs subscribed to the Fund, paid the required premiums, and, in 1941, obtained from it its standard workmen's compensation policy, which was renewed from year to year.

Plaintiffs operated a summer camp for children in Monroe County. They engaged, in New Jersey, one Esther Gotkin as "camp mother", who, on July 12, 1944, in the course of her employment at the camp, slipped on the steps of the mess hall and was injured. On June 20, 1945 she filed a claim petition for compensation with the Bureau of Workmen's Compensation of the Department of Labor and Industry at Harrisburg, but allowed the claim to be dismissed on December 27, 1945 for want of prosecution.* On March 4,

---

* The reason for this does not appear in the record but presumably she was advised that she could recover a greater amount of compensation in New Jersey than in Pennsylvania.

1946 she filed a claim for compensation with the Workmen's Compensation Bureau of the New Jersey Department of Labor at Trenton; on that claim she received an award upon which she recovered judgment in the former Supreme Court of New Jersey, and on appeal to the present Supreme Court of that State the judgment was affirmed (2 N.J. 305). It may at this point be noted that a workman who enters into a contract of employment in a State in which a Workmen's Compensation Act is in force can recover compensation under the Act in that State for an injury sustained in the course of his employment, even though the harm was suffered in another State: Rest. Conflict of Laws, §398. He may likewise recover in a State in which he sustains injury under the Workmen's Compensation Act of that State, although the contract of employment was made in another State: id. §399. Proceedings may be brought in a State under the Workmen's Compensation Act of that State, if it is applicable, although the Act of another State also is applicable: id. §402. Mrs. Gotkin was therefore entitled to recover judgment on her claim in New Jersey, as the Supreme Court of that State properly held.

The State Workmen's Insurance Fund refused to defend the proceedings in New Jersey or to reimburse plaintiffs for the compensation payments they were obliged to make to Mrs. Gotkin as the result of those proceedings and for costs and expenditures in connection herewith, amounting in all to the sum of $2,740, to recover which the present suit was brought.

The action of the court below in entering judgment for defendant was based upon the theory that the Fund was not responsible to its subscribers who might be obliged to pay compensation to an injured employe as the result of proceedings in another State, but only where the claim for compensation was prosecuted by the employe in Pennsylvania. This view apparently

confuses the Fund's liability for the payment of compensation due because of the injury to the employe, and its liability for the payment of a judgment obtained by the employe in an action to enforce payment of compensation; the latter obligation does not exist under the policy except to the extent of the amount of compensation due under the Workmen's Compensation Law; the former obligation *does* exist and is the one here asserted.

The policy provides that "The Fund agrees with the employer ... I. ... (a) To pay to any person *entitled thereto* under and in the manner provided by the Workmen's Compensation Law, any sum due or to become due because of the obligation for compensation for any such injury . . . imposed upon the employer under the Workmen's Compensation Law. . . . (b) To assume the whole *liability* of the employer for the payment of compensation under the Workmen's Compensation Law. . . . III. ... To defend, in the name and on behalf of the employer, *any* suits or other proceedings alleging such injuries ... and demanding damages or compensation therefor, although such suits, proceedings, allegations or demands are wholly groundless, false or fraudulent. To pay all costs taxed against the employer in any legal proceedings defended by The Fund, and all expenses incurred by The Fund for investigation, negotiation or defense, but not to pay the judgment, if any be entered against the employer, in an action at law in trespass or assumpsit, The Fund's liability to pay any judgment being confined to the liability arising under the Workmen's Compensation Law, and not otherwise." In the endorsement to the policy it is provided that "The State Workmen's Insurance Fund hereby agrees to assume the whole *liability* of this Insured Employer under The Workmen's Compensation Act of Pennsylvania, . . . . The Fund agrees to pay, in the manner provided by the

said Workmen's Compensation Act, all benefits due or to become due from this Insured Employer because of injuries by accident, sustained during the term of this Policy, . . . *for which the Employer may be or become liable under said Act."*

It is entirely clear that when Mrs. Gotkin was injured she immediately became *entitled* under the Workmen's Compensation Law to receive compensation from the plaintiffs, her employers, who became correspondingly *liable* to pay her such compensation. The Fund expressly agreed to assume *that liability.* Of course, the Fund was obligated only, as the policy provides, to save plaintiffs harmless to the extent of such liability, and not to the extent of any judgment that might be recovered against them; plaintiffs admit that they are not entitled to recover from defendant the amount of the New Jersey judgment but only the compensation for which they were liable to the injured employe under the Pennsylvania Workmen's Compensation Law. The fact that proceedings were instituted by Mrs. Gotkin in New Jersey is wholly irrelevant to the question of plaintiffs' liability to her under the Pennsylvania Workmen's Compensation Law. Of course, if there were any substantive difference between the terms of the New Jersey and the Pennsylvania Acts such that the recovery obtained by Mrs. Gotkin in the former State could not have been obtained in our own Commonwealth,—in other words, if plaintiffs were not liable to her for compensation under the Pennsylvania Workmen's Compensation Law, certainly the Fund would not be obligated to them under the terms of the policy. But it is not questioned that such liability did exist and accordingly plaintiffs were under the duty of paying her compensation—whether or not she had brought proceedings in New Jersey—to at least the extent to which she was entitled under the Pennsylvania Workmen's Compensation Law, and they did

in fact make such payment. We do not think it can be fairly inferred from the terms of the policy, or that the parties thereto could have contemplated, that the Fund assumed the obligation to save plaintiffs harmless only in case the injured employe instituted proceedings to recover compensation in Pennsylvania and not if, for some purpose of her own, she chose to proceed against plaintiffs in some other jurisdiction. Had such limitation of the Fund's obligation under the policy been intended by the parties it could and should have been expressly inserted therein. The general rule is that where there is any question as to the proper construction of the terms of an insurance policy and the extent of the coverage intended thereby the doubt must be resolved in favor of the insured, and that rule applies as well to a policy issued by an instrumentality of the Commonwealth as to one issued by an ordinary insurance company. There is no such limitation in the Act constituting the Fund, and the broad provision of the Act that the insured "shall be discharged from all liability for the payment of compensation for the personal injury or death of such employe by such accident; and all such compensation due therefor, under article three of the Workmen's Compensation Act of 1915, shall be paid out of the Fund," controls the policy issued under the Act and must be read into it and made the basis of its interpretation.

The policy provides, as hereinbefore quoted, that the Fund would defend *any* suits or other proceedings demanding compensation. That promise constituted a separate, distinct and independent obligation on the part of the Fund, and its liability or non-liability to pay a judgment that might be recovered in any such suit would not affect or limit its duty to *defend* the action. Failing to defend, as here it did, it became liable to plaintiffs for the costs and fees which they were obliged to spend in making their own defense: *Zeitz v.*

*Zurich General Accident and Liability Insurance Company, Ltd.,* 165 Pa. Superior Ct. 295, 67 A. 2d 742. The policy did not restrict the obligation of the Fund to defend suits against the employer to proceedings instituted in Pennsylvania; such a limitation, had it been intended, should have been expressly stated in the policy.

While, therefore, in our opinion, plaintiffs' complaint presented a good cause of action, it did not set forth the proper measure of damages or the facts upon which such damages could be computed, viz., the amount of plaintiffs' liability for compensation to the injured employe under the Pennsylvania Workmen's Compensation Law; the complaint gave merely the amount of the New Jersey judgment. However, Pa. R.C.P. 1028 (e) provides that "If the filing of an amendment . . . is . . . required, the court shall fix the time within which it must be filed." Accordingly the required amendment should now be allowed.

Judgment reversed and record remanded with a procedendo.