GLADNEY, Judge.
Plaintiff, a resident and citizen of Louisiana, was on January 26, 1951, in the employ of Graham & McGee, contractors, who *880 were then engaged in levee construction operations on a job known as the “McNeely Setback” near Colfax, in Grant Parish, Louisiana. While so engaged as a mechanic within the scope of his employment, plaintiff suffered an injury to his back which is alleged to have resulted in permanent and total disability.
This suit was filed on October 30, 1951, in the Eighth Judicial District Court in and for Grant Parish, Louisiana, against St. Paul Mercury Indemnity Company as insurer of Graham & McGee, a partnership firm domiciled at Beaumont, Texas, for the purpose of recovering payments allegedly due under the Louisiana Workmen’s Compensation Act. LSA-R.S. 23:1021 et seq. The suit was removed to the United States District Court, Alexandria Division of the Western District of Louisiana, and by that court it was subsequently remanded to the State Court on March 10, 1954. 119 F. Supp. 222. Defendant, on March 11, 1954, filed an exception of no right of action and an answer. The principal defense embraced by the exception and also urged in the answer is that the insurance issued by this defendant restricted its liability for workmen’s compensation to operations of Graham & McGee within the State of Texas and did not extend protection to Graham & McGee against employer liability claims arising under the laws of the State of Louisiana. The Nineteenth Louisiana Levee District Board, also made party defendant herein by a supplemental and amended petition filed March 3, 1954, answered by denying it had entered into contractual relationship with Graham & McGee and pleaded the prescription found in the Workmen’s Compensation Act of Louisiana, LSA-R.S. 23:1209. After trial on the merits, there was judgment rejecting plaintiff’s demands against the defendant insurer and the defendant Levee Board, hence this appeal.
It was clearly established upon trial, and, in fact, not seriously contested, that plaintiff at the time of the injury was engaged in performing hazardous duties within the scope of his employment and his wages were such as to entitle him to the maximum weekly award of compensation provided under the Act. Likewise the medical evidence shows that at the time of trial the disability of plaintiff was of a total and permanent nature. It would, therefore, seem to follow that if defendant insurer issued workmen’s compensation insurance to Graham & McGee covering claims arising under the Louisiana Workmen’s Compensation Act, plaintiff should be entitled to judgment.
The defendant insurer, however, contends the policy which it issued to Graham & McGee was limited to liability of Graham & McGee under the Texas Workmen’s Compensation Statute, Vernon’s Ann. Civ. St. art. 8306 et seq.
As evidence of insurer’s liability appellant points to the testimony of L. P. McGee and a letter to the United States Army Engineer Corps written by Mrs. Linnie B. Martin of the Martin Insurance Agency. It is argued further that based on the aforesaid evidence, if it should be determined the insurance policies as written did not give protection under the Louisiana Act but only under the Texas Act, the policy as issued should be considered as amended or reformed so as to include protection against liability arising under the Louisiana Statute. Unfortunately for plaintiff, the evidence does not sustain McGee’s testimony. Mrs. Martin positively contradicts the testimony of McGee and declares that no such request was ever made to her, and the testimony of Paul W. Hardcastle, an officer of the Martin Insurance Agency, and of John M. Campbell, an officer of defendant insurer, clearly shows that no endorsement of Louisiana coverage was ever issued by the Martin Insurance Agency or by the defendant insurer. Furthermore, the letter of February 6, 1951, does not indicate more than notice of cancellation of certain policies, including those issued by defendant insurer to Graham & McGee and identified as workmen’s compensation policies No. 1097501, dated November 18, 1949, renewed with No. 6056661, dated November 18, 1950, the latter merely extending the effective date of the former. Cancellation *881 as of February 15th was due to non-payments of premiums. The aforesaid policies were, of course, in effect on January 26, 1951, when plaintiff was injured, but these are the policies which defendant asserts do not apply to claims arising under the Louisiana Act. The letter does not indicate any liability beyond that, contained in the aforesaid policies.
 Appellant also urges with respect to the liability of defendant insurer, that predicated upon the testimony of McGee, the insurance policies should not be restricted to that liability imposed by the Texas Workmen’s Compensation Statute, but should be broadened, supplemented or reformed so as to impose liability under the Louisiana Workmen’s Compensation Act. Contradiction of the written agreement through parol testimony is prohibited by the contract itself, as well as by rules of evidence. The policy provides:
“It is agreed that all of the provisions of each Workmen’s Compensation law covered hereby shall be and remain a part of this contract as fully and completely as if written herein, so far as they apply to compensation or other benefits for any personal injury or death covered by this policy, while this policy shall remain in force. Nothing herein contained shall operate to so extend this policy as to include within its terms any Workmen’s Compensation Law, scheme or plan not cited in an endorsement hereto attached.” (Emphasis ours.)
To yield to appellant’s contention, therefore, would involve the acceptance of parol testimony to contradict the terms of the written agreement which is inadmissible under our jurisprudence as shown by such authorities as L. J. Arguimbau & Co. v. Germania Insurance Company, 106 La. 139, 30 So. 148. See also: Hemel v. State Farm Mutual Automobile Insurance Company, 1947, 211 La. 95, 29 So.2d 483; Nyman v. Monteleone-Iberville Garage, Inc., 1947, 211 La. 375, 30 So.2d 123; Oil Well Supply Co. v. New York Life Insurance Company, 1949, 214 La. 772, 38 So.2d 777.
The plaintiff, we believe, has entirely failed to establish by a preponderance of the evidence that the provisions of defendant’s insurance policy covering the operations of Graham & McGee in Texas-under the Texas Workmen’s Compensation Act were extended or broadened to include the operations of said partnership in Louisiana, and under the Louisiana Workmen’s-Compensation Act. Therefore, if liability is to be imposed upon the defendant insurer it must be found within the bounds of the insurance contract as isssued by defendant insurer to Graham & McGee.
The front page of the policy in question in the instant case bears the caption: “Texas Standard Workmen’s Compensation and Employers’ Liability Policy”. In addition to the above quoted provision the following pertinent provisions plainly show the intention of the insurer to limit its coverage:
“Item 1. Name of this Employer: J. H. Graham and L. P. McGee, d/b/a Graham & McGee.
“P.O. Address: Box 31, Kountze, Texas.
“For the purpose of serving notice, as in the policy, provided, this Employer agrees that this address may be considered as both the residence and business address of this Employer or any representative upon whom notice may be served. Individual, Co-Partnership, Corporation or Estate? — Co-Partnership.
“Item 2. The period during which the Policy shall remain in force, unless, canceled as in the Policy provided, (herein called the Policy Period) shall be from November 18, 1950 to November 18, 1951, at twelve and one minute o’clock, A.M., standard time, as to each of said dates at the place where any operation covered hereby is conducted as respects that operation or at the place where any injury covered hereby is sustained, as respects that injury.
*882 “Item 3. Locations of all factories, shops, yards, buildings, premises or other work places of this Employer, by Town or City, with Street and Number : Kountze, Texas and elsewhere in the State of Texas.
“All business operations, including the operative management and superintendence thereof, conducted at or from the locations and premises defined above as declared in each instance by a disclosure of estimated remuneration of employees under such of the following divisions as are undertaken by this Employer. 1. All industrial operations upon the premises. 2. All office forces. 3. All repairs of alterations to premises. 4. Specially rated operations on the premises. 5. Operations not on the premises.”
******
“Item 5. This Employer is conducting no other business operations at this or any other location not herein disclosed * * * except as herein stated: no exceptions.”
Careful examination of the policy in full reveals no reference to liability under the Louisiana Statute and counsel has failed to point out any reference to such among the provisions and endorsements attached to the policy.
Recently this court had occasion to examine the question of liability of the compensation insurer of the El Dorado Creosoting Company insofar as it could be considered as covering the liability of one of its employees for an injury sustained in Louisiana, in which instance the contention was made that the policy of insurance covering its business in Arkansas and its liability under the Workmen’s Compensation Act of that state included also liability of the insurer under the Louisiana Workmen’s Compensation Act. The insurance company therein relied upon the same defense as the defendant insurer does in this instance. See: Johnson v. El Dorado Creosoting Co., La.App.1954, 71 So.2d 613. This court held the contract between El Dorado Creosoting Company and its insurer restricted the liability of the insurer to the employer’s operations under the Arkansas Workmen’s Compensation Act, but did not impose liability under the Louisiana Workmen’s Compensation Act. There, as in the instant case, there was no specific endorsement nor any provisions in the policy for which liability could be claimed under any other but the single Workmen’s Compensation Act. We decided that by reason of the contract between the employer and the compensation insurer, the liability of the latter was limited to claims arising out of the Arkansas statute. This view was supported by the following authorities: Hurt v. Pennsylvania Threshermen & Farmers’ Mutual Casualty Insurance Company, 1938, 175 Md. 403, 2 A.2d 402; Salkind v. Pennsylvania Threshermen & Farmers’ Mutual Casualty Insurance Company, 1939, 335 Pa. 326, 6 A.2d 301; Pennsylvania Manufacturers’ Casualty Insurance Company v. Schmerbeck, 1942, 128 N.J.L. 180, 24 A.2d 573; Federal Underwriters Exchange v. Doyle, Tex.Civ.App.1937, 110 S.W.2d 618.
The issue of contractual liability in the instant case cannot be distinguished from the issue presented in Johnson v. El Dorado Creosoting Co., supra. It is, therefore, our conclusion that defendant insurer is not liable to plaintiff for workmen’s compensation predicated on the Louisiana Workmen’s Compensation Act.
In brief counsel for appellant urges that the District Court erred in several other respects. The first error assigned is that the plaintiff was entitled to a preliminary judgment which was never granted. The relevant facts show this case was remanded by order of the Federal District Court dated March 10, 1954. The purpose of the preliminary judgment as provided by LSA-R.S. 23:1316 is to provide for payment of accrued compensation until such time as the hearing of the issues on the merits is fixed by an order of court at the request of the defendant. On March 11th defendant filed its answer and, therefore, after that date the case was subject to trial upon fixation by the court. The *883 delays attendant upon the trial of the case prior to the joining of issue by the defendant insurer are attributable to want of action by the Federal District Court, rather than to any fault of defendant insurer and certainly after the remand on March 10th there was no unusual delay which would justify a preliminary judgment. There was no abuse or discretion by the District Court in not acting upon plaintiff’s motion.
Appellant contends also that the District Court erred in imposing upon plaintiff the requirement of showing by a preponderance of the evidence that defendant insurer was liable under the terms of its policy. The insurer simply denied that its policy covered plaintiff’s accident and produced the policy for the purpose of proving its point. There is no special defense or special plea presented and, therefore, plaintiff was not relieved from establishing defendant’s liability under its policy by a preponderance of the evidence.
Finally, we refer to the defenses tendered by the Nineteenth Louisiana Levee District Board, which are: (1) that plaintiff’s claim is prescribed under the provisions of the Workmen’s Compensation Act, LSA-R.S. 23:1209, and (2) that defendant Levee Board had no contractual relationship with Graham & McGee but only furnished the rights of way in connection with the levee work. Inasmuch as the plea of prescription is clearly applicable, we shall not discuss evidence material to the question of the relationship between the Levee Board and plaintiff’s employer. Section 1209 is not only a statute of limitation' or prescription, but actually provides for a period of peremption after which the remedy is barred. The record clearly shows that defendant Levee Board was not made a party to nor was citation issued prior to the filing of plaintiff’s amended and supplemented petition as of March 3, 1954. Consequently, over three years had elapsed from the time of plaintiff’s injury until the Levee Board was sued on his claim.
As a result of our study of the record and the careful and complete briefs filed on behalf of all parties herein involved, we are of the opinion that defendant insurer is not liable under its insurance contract with Graham & McGee with respect to claims arising under the Louisiana Workmen’s Compensation Act, and defendant Levee Board has successfully urged a plea of prescription under the Workmen’s Compensation Act, LSA-R.S. 23:1209. Accordingly, plaintiff’s claim must be rejected as against these two defendants. The judgment from which appealed will, therefore, be affirmed at appellant’s cost.