■ WOODVIEW VILLA, INC., Respondent, v. NEW AMSTERDAM CASUALTY COMPANY, Appellant.— In an action upon a workmen's compensation insurance policy issued by the defendant to the plaintiff, the defendant appeals from an order of the Supreme Court, Rockland County, dated April 6, 1964, which granted plaintiff's motion for summary judgment pursuant to CPLR 3212, and which denied defendant's cross motion for like relief. Order reversed, without costs; plaintiff's motion for summary judgment denied; defendant's motion for summary judgment granted, and complaint dismissed, without costs. Plaintiff, a domestic corporation, brings this action against defendant, who is plaintiff's insurance carrier under a workmen's compensation insurance policy issued by defendant, to recover: (a) the amount of an award made by the New Jersey Workmen's Compensation Board to an injured employee of the plaintiff; and (b) the amount of the legal fees incurred by plaintiff in its defense in the workmen's compensation proceeding in New Jersey. The injured employee, a resident of New Jersey, originally brought a workmen's compensation proceeding in the State of New York. No award was made; and to all intents and purposes that proceeding was abandoned. Thereafter the injured employee applied for workmen's compensation before the New Jersey Workmen's Compensation Board. Plaintiff notified defendant to appear and to defend such proceeding. Defendant refused to do so on the ground that its liability was limited to awards by a New York State Workmen's Compensation Board only. The injured employee thereafter obtained an award and recovered judgment against plaintiff. The insurance policy expressly provided that the carrier's liability was limited to the State of New York only. Therefore defendant is not bound by a

judgment issued by a New Jersey tribunal, and defendant's refusal to defend the New Jersey proceeding was proper. Plaintiff has also conceded that defendant is not bound by the findings of the New Jersey Compensation Board (*Miller Bros. Constr. Co.* v. *Maryland Cas. Co.*, 113 Conn. 504; *Consolidated Underwriters* v. *King*, 160 Tex. 18; *Johnson* v. *El Dorado Creosoting Co.*, 71 So. 2d 613 [La. App.]; *Rood* v. *Nelson*, 14 Misc 2d 859). The case cited by Special Term (*Weinberg* v. *State Workmen's Ins. Fund*, 368 Pa. 76, 81) is distinguishable; there the insurance policy was not, as here, limited to only one State. Kleinfeld, Christ, Hill and Rabin, JJ., concur; Beldock, P. J., dissents and votes to affirm the order, with the following memorandum: In my opinion, the order appealed from does not impose upon defendant the liability of $2,044.11 fixed by New Jersey Compensation Board under the New Jersey Compensation Law. The order merely imposes upon defendant liability for so much of the New Jersey award as would have been payable under the New York Compensation Law. That was the liability which defendant by its policy agreed to pay, but did not. In my opinion, *Weinberg* v. *State Workmen's Ins. Fund* (368 Pa. 76), cited by the Special Term, is directly in point. In the cases relied upon by the majority in this court, what was sought to be imposed upon the insurance carrier was the liability fixed under the compensation law of a State other than that named in the policy. That is not this case. Here it is sought to impose upon the carrier only the liability under the compensation law of *the State* expressly named in the policy. The fixation by the New Jersey Compensation Board under New Jersey Compensation Law is entirely irrelevant to the present lawsuit. The fact that the insured may have been liable under the compensation laws of New York and New Jersey does not deprive plaintiff of the right to recover from defendant the liability under the New York Compensation Law alone.