114 N.J. Super. 39 (1971)
274 A.2d 820
ALLEN D. TOEBE, PLAINTIFF-RESPONDENT CROSS-APPELLANT,
v.
EMPLOYERS MUTUAL OF WAUSAU, ET AL., DEFENDANTS-APPELLANTS CROSS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 14, 1970.
Final supplemental memoranda received November 18, 1970.
Decided March 11, 1971.
*41 Before Judges GOLDMANN, LEONARD and MOUNTAIN.
Mr. Harold Friedman argued the cause for respondent-cross-appellant (Messrs. Kirsten, Solomon & Friedman, substituted attorneys).
Mr. Gerald W. Conway argued the cause for appellants-cross-respondents (Messrs. Schreiber & Lancaster, attorneys).
American Mutual Insurance Alliance filed a brief amicus curiae (Messrs. Smith, Stratton, Wise & Heher, attorneys; Mr. John H. Heher, on the brief).
The opinion of the court was delivered by GOLDMANN, P.J.A.D.
Plaintiff, holder of a New Jersey workmen's compensation award entered against his employer, Robert Schmidt Truck Leasing, Inc., of New Brighton, *42 Minnesota (Schmidt), brought an action in the Superior Court, Law Division, to recover payment of the award against defendant Employees Mutual Liability Insurance Company of Wisconsin, which had issued a workmen's compensation insurance policy in Minnesota to Schmidt under the assigned risk law of Minnesota. On cross-motions for summary judgment the trial judge denied defendant's and granted plaintiff's motion. Plaintiff then applied for a counsel fee of $4,725.33 for services rendered by his attorney in the present action. The court awarded only $1,300. Final judgment on the entire case was thereafter entered in favor of plaintiff. Defendant appealed, and plaintiff filed a cross-appeal as to the counsel fee.
The facts are essentially uncontradicted. Plaintiff, an employee of Schmidt, suffered a work-connected injury while operating one of his employer's trucks in New Jersey. He filed a petition with the New Jersey Division of Workmen's Compensation and was awarded approximately $13,201 against Schmidt. (Defendant refused to give Schmidt a defense, claiming it had no obligation to do so under its policy.) Plaintiff docketed this award as a judgment in the Essex County Court and then in the Superior Court. Schmidt apparently never paid any part of the award; the reason for this does not appear in the record. Plaintiff eventually instituted an action against defendant insurer in the Law Division.
The "Standard Workmen's Compensation and Employers' Liability Insurance Policy" issued to Schmidt by defendant contains the following insuring agreements:

I Coverage A  Workmen's Compensation
To pay promptly when due all compensation and other benefits required of the insured by the workmen's compensation law.

Coverage B.  Employers' Liability
To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury by accident or disease, including death at any time resulting therefrom, sustained in the United States of America, its territories or possessions, or Canada by any employee of the insured arising out of *43 and in the course of his employment by the insured either in operations in a state designated in Item 3 of the declarations or in operations necessary or incidental thereto.
Paragraph 3 of the Declarations reads as follows:
Coverage A of this policy applies to the Workmen's compensation law and any occupational disease law of each of the following states: Minnesota.
The issue on the cross-motions for summary judgment, as stated by the trial judge and briefed by the parties, is whether defendant is liable, under its contract of insurance made and issued to the employer in Minnesota, to pay the award granted by our Workmen's Compensation Division, where the policy specifically provided that coverage was limited to benefits payable under the workmen's compensation law of Minnesota. Answering this question in the affirmative, the judge held that "since New Jersey has jurisdiction to grant the award in this case, it should also have jurisdiction to permit an injured workman all the statutory remedies to effect recovery against his employer's insurance carrier." To deny the employee this supplemental relief when he is unable to collect the award from his employer would, in the judge's view, be against public policy.
Defendant concedes that the New Jersey Division of Workmen's Compensation had jurisdiction to entertain plaintiff's petition and to enter an award against his employer for his work-connected injury. See Boyle v. G. & K. Trucking Co., 37 N.J. 104 (1962). The real issue, it says, is whether the employer's liability for that award is covered by the terms of the workmen's compensation policy which the company issued to Schmidt, by whose terms coverage is said to be limited to liability arising under Minnesota's workmen's compensation law.

I
Plaintiff argues that the compensation award he recovered comes within the provisions of Coverage B of the *44 policy, quoted above. That coverage is patently different from what is provided by Coverage A, which expressly deals with workmen's compensation. Coverage B affords protection in the case of a common law action for damages by an employee, where such action is still permitted by a state law for injuries not covered by a workmen's compensation law. See Danek v. Hommer, 28 N.J. Super. 68, 74 (App. Div. 1953), aff'd p.c. 15 N.J. 573 (1954), dealing with a similar provision. Indeed, under Exclusion (f), defendant's policy expressly provided that it did not apply, under Coverage B, "to any obligation for which the insured or any carrier as his insurer may be held liable under the workmen's compensation or occupational disease law of a state designated in Item 3 of the declarations, any other workmen's compensation or occupational disease law, any unemployment compensation or disability benefits law, or under any similar law." Coverage B clearly has no application here, for plaintiff's injuries were compensable under Minnesota's workmen's compensation law, Minn. Stat. Ann., Workmen's Compensation, § 176.041, subds. 2 and 3, as well as under the law of New Jersey.

II
Defendant contends that by reason of Item 3 of the Declarations in its policy, it provided coverage only for such benefits as its insured, Schmidt, was required to pay under the workmen's compensation law of Minnesota, and not for benefits awarded under the New Jersey act or the law of any other state. It considers that question as having been decided and now controlled by Pennsylvania Mfrs. Cas. Ins. Co. v. Schmerbeck, 128 N.J.L. 180 (Sup. Ct. 1942), aff'd 131 N.J.L. 159 (E. & A. 1944). In that case the employee a New Jersey resident, filed a workmen's compensation petition in this State under N.J.S.A. 34:15-84 for work-connected injuries suffered in Morrisville, Pa., while in the employ of a Pennsylvania sand and gravel company. After a preliminary hearing in the Workmen's Compensation *45 Bureau on the limited issue of whether the employment contract under which petitioner was hired was made in New Jersey or Pennsylvania, the deputy commissioner found that the hiring had been in this State (a conclusion concurred in by our former Supreme Court on appeal). The employee then filed an amended claim petition adding the insurance carrier as a party. The carrier's answer alleged that under the terms of its policy its obligation to indemnify the employer, its insured, was only "in accordance with the provisions of the Workmen's Compensation Act of Pennsylvania," and therefore the Bureau had no jurisdiction as far as it was concerned. Its motion for dismissal was denied and eventually a compensation award was entered against both the employer and the carrier. The Supreme Court reversed as to the carrier, holding that the quoted limiting provision of the policy confined its liability to awards handed down in accordance with the compensation law of Pennsylvania. Accordingly, the court held that the carrier's motion to dismiss should have been granted, while at the same time it affirmed as to the employer.
We have examined the briefs filed in both the Supreme Court and our former Court of Errors and Appeals and find that never in that case was it suggested that the New Jersey court might apply Pennsylvania law. Since the parties did not raise that issue, nor was it discussed by either court, Schmerbeck cannot be considered as binding with respect thereto.
In accord with Schmerbeck, see Anderson v. St. Paul Mercury Indemnity Co., 84 So.2d 878 (La. Ct. App. 1956); Calcote v. Century Indemnity Co., 93 So.2d 271 (La. Ct. App. 1957); Jones v. Hennessy, 232 La. 786, 95 So.2d 312 (Sup. Ct. 1957); Mandle v. Kelly, 229 Miss. 327, 90 So.2d 645, 92 So.2d 246 (Sup. Ct. 1957); Foster Wheeler Corp. v. Bennett, 354 P.2d 764 (Okla. Sup. Ct. 1960); Consolidated Underwriters v. King, 160 Tex. 18, 325 S.W.2d 127 (Sup. Ct. 1959), app. dism. 361 U.S. 198, 80 S.Ct. 295, 4 L.Ed.2d 238 (1959).
*46 The most recent case supporting defendant's position is Travelers Ins. Co. v. Industrial Accident Comm., 240 Cal. App.2d 804, 50 Cal. Rptr. 114 (D. Ct. App. 1966), where the employee was hired in California, injured in Alaska and applied for benefits under the California law. The policy was like the one here involved with respect to Coverages A and B and Item 3 of the Declarations, Item 3 reading: "Coverage A of this policy applies to the workmen's compensation law and any occupational disease law of each of the following states: Alaska." The court annulled an order of the California Industrial Accident Commission holding the insurer liable for workmen's compensation benefits under the California statute, stating that
* * * Where the workmen's compensation law provides for administrative determination of claims by a special tribunal created by a particular state, rights created by the compensation act of that state cannot ordinarily be enforced in another state. (2 Larson, Workmen's Compensation Law, § 84.20, pp. 356-357; Grenier v. Alta Crest Farms, 115 Vt. 324, 58 A.2d 884).
This much can be said for defendant's contentions  New Jersey has always recognized the right of the insurer to be heard on matters of coverage subsequent to a valid award against the insured employer. See, e.g., Williams v. Bituminous Casualty Corp., 51 N.J. 146, 151 (1968); Raab v. American Casualty Co., 4 N.J. 303 (1950); American Mut. Liab. Ins. Co. of Boston v. Chodash, 123 N.J.L. 81 (Sup. Ct. 1939), aff'd o.b. 124 N.J.L. 561 (E. & A. 1940). Further, parties to workmen's compensation insurance are free to enter into such engagements as they choose, if not in contravention of statutory expressions or public policy, Serafino v. United States Fidelity & Guaranty Co., 122 N.J.L. 294, 299 (Sup. Ct. 1939), and such a policy fixes and limits the insurer's liability. Cf. Goldmann v. Lumber Mut. Cas. Ins. Co. of N.Y., 30 N.J. Super. 281, 284 (Cty. Ct. 1954), and cases cited; Maryland Cas. Co. v. Zanca, 76 N.J. Super. 475 (App. Div. 1962); Brix v. General Accident *47 & Assurance Corp., 254 Minn. 21, 93 N.W.2d 542, 544 (Sup. Ct. 1958).
Although several courts, whose decisions are referred to above, have reached a conclusion which favors defendant's position, they have, without much analysis, accepted the proposition that where a policy covers liability exclusively under the workmen's compensation law of one state, the insurer cannot be held liable in proceedings instituted in the compensation bureau or agency of another forum. However, an alternate solution exists which gives due consideration to the terms of the policy without making hollow and ineffectual plaintiff's remedies.
The trial judge acknowledged sound public policy when he recognized that the law allowing injured out-of-state employees to apply for benefits under our Workmen's Compensation Law would be frustrated unless all the statutory remedies, including suing the insurer (N.J.S.A. 34:15-84), to effect recovery were available. An equitable resolution of this case may be found in applying conflict of laws principles which, while recognizing the validity of the policy limitations, would hold the insurer responsible for all amounts of the forum state's award as were in accord with the workmen's compensation law of the state named in the policy. Weinberg v. State Workmen's Ins. Fund, 368 Pa. 76, 81 A.2d 906 (Sup. Ct. 1951); Kacur v. Employers Mut. Cas. Co., 253 Md. 500, 254 A.2d 156 (Ct. App. 1969).
In Weinberg the employee, a New Jersey resident, had been hired in New Jersey but her contract with plaintiffs provided that it was "to be interpreted in accordance with the laws of the Commonwealth of Pennsylvania." The employee was injured on the job in Pennsylvania, but filed her petition for workmen's compensation in New Jersey. The ensuing compensation award was affirmed in Gotkin v. Weinberg, 2 N.J. 305 (1949), the court holding that since the employment contract was made in New Jersey, the Compensation Bureau had jurisdiction. Plaintiffs paid the award and then brought an action in Pennsylvania against the *48 State Workmen's Insurance Fund of that state which had issued a policy with an endorsement stating that it agreed "to assume the whole liability of this insured employer under the Workmen's Compensation Act" of Pennsylvania. The Pennsylvania Supreme Court upheld plaintiffs' claim for indemnity under the policy. It said that the fact that the proceedings were instituted in New Jersey was wholly irrelevant unless there were a substantive difference between the terms of the New Jersey and Pennsylvania acts such that initial recovery could not have been obtained in Pennsylvania. The statute which created the Fund did not limit its liability to cases in which the compensation petition was filed in Pennsylvania. Accordingly, the court held that the complaint presented a good cause of action but did not set out the proper measure of damages, which would be limited to the amount of plaintiffs' liability for compensation to the insured employee under the Pennsylvania law. The court therefore permitted plaintiffs to amend their complaint to seek such proper measure of damages and remanded the matter for further proceedings.
Factually, of course, the case before us differs from Weinberg. Plaintiff seeks recovery from the insurer in the state where the original award was granted, New Jersey. The Weinberg court was not faced with the problem of applying another jurisdiction's law. However, the case does stand for the proposition that an insurer may be liable for an award granted in a state other than that specified in the policy, to the extent that the award would have been granted under the compensation law of the latter state.
Kacur v. Employers Mut. Cas. Co. is factually analogous to our situation. In that case plaintiff was a Pennsylvania employer to whom defendant had issued a standard workmen's compensation policy in Pennsylvania. The employee, hired for plaintiff's Pennsylvania business, was injured in Maryland and ultimately recovered a compensation award there which plaintiff paid. Defendant insurer having denied coverage, the employer sought reimbursement from it in *49 Maryland. The policy involved was identical in pertinent part to the one here in question; it stated that "Coverage A of this policy applies to the Workmen's Compensation Law * * * of each of the following states: Pennsylvania." The Maryland trial court granted judgment for defendant, relying on the California case of Travelers Ins. Co. v. Industrial Accident Comm. and the Texas case of Consolidated Underwriters v. King, above. The Maryland Court of Appeals reversed, relying strongly on Weinberg. In holding that plaintiff employer should be reimbursed, the court found that such reimbursement was allowable to the extent that the employer would be liable under the workmen's compensation law of Pennsylvania. The court determined and stated that it had no doubt Pennsylvania would have honored the claim  and so here, as defendant readily admits, had plaintiff sought compensation in Minnesota rather than in New Jersey. The Kacur case sharply criticized the California decision in Travelers Ins. Co.
In our view, the approach in Kacur should be followed in the present case. Certainly, by holding defendant insurer liable for only that portion of the award, be it part or all, as would have been recoverable pursuant to Minnesota's workmen's compensation law, the terms of the policy and its premium base are not changed. Although the insurer may not have anticipated being sued or obligated to defend the insured employer's interests in a jurisdiction other than Minnesota, yet where, as here, jurisdiction over the insurer can be obtained and the accident happened in New Jersey, it is more economical and convenient to have the insurer defend in this State.
Defendant argues that Weinberg and Kacur create bad law, for the insurer is called upon to provide coverage it had not bargained for. This argument is unacceptable, since Minnesota law will be applied, and in Minnesota the insurer must take the employer's full risk. Brix v. General Accident & Assurance Corp., above. Minnesota would permit a recovery under the circumstances of the work-connected *50 accident suffered by plaintiff, the insured's employee. See Minn. Stat. Ann., § 176.041, referred to above. That statute was amended in 1967 (Laws 1967, Ex. Sess., c. 40, § 6) to provide specifically that employees hired in Minnesota and injured while temporarily employed outside the state, are subject to the compensation law of Minnesota. Although this amendment came three years after the accident in this case, it does not appear that the amendment heralded a change in the law, but was merely a codification of it as developed by the Minnesota courts. See Marrier v. Nat'l Painting Corp., 249 Minn. 382, 82 N.W. 2d 356 (Sup. Ct. 1957) (Minnesota law applied to Indiana accident). That much was acknowledged in a letter sent to plaintiff's former attorney by the Minnesota Industrial Commission on November 15, 1965 which stated that Minnesota's compensation law "is extra-territorial in its application and therefore a Minnesota employee would be covered by the Minnesota law regardless of where he is injured."
Defendant also argues that the Weinberg-Kacur rationale is inadequate for it would allow a New Jersey court to determine what a Minnesota administrative agency  its Industrial Commission  would award as compensation. The same argument could be made in any conflict of laws case where the court of the forum, in addition to determining the applicable law of another jurisdiction, must also fix damages.
Defendant, in its reply brief, suggests a compromise solution by referring us to the decision in Woodview Villa, Inc. v. New Amsterdam Cas. Co., 17 N.Y.2d 458, 266 N.Y.S.2d 813, 213 N.E.2d 893 (Ct. App. 1965). The Appellate Division had found that coverage under a New York workmen's compensation policy was limited to the employer's liability under New York's compensation law, and that an employee's award entered under the New Jersey statute, even though valid as against the employer, was not recoverable by the employer as against the insurance carrier. 22 A.D.2d 904, 255 N.Y.S.2d 298 (1964). The Court of *51 Appeals modified the Appellate Division judgment by entering summary judgment for plaintiff employer in the amount of $250 for his legal expenses in defending the New Jersey compensation case, and dismissing without prejudice the complaint as to the other relief sought by the employer. The court held that the New York Workmen's Compensation Board had exclusive jurisdiction to determine all questions relating to the payment of claims under the state's compensation law, and that the Board must determine on appropriate application, as between the plaintiff-employer and defendant-carrier, "the extent of liability, if any, which has been incurred by defendant under the compensation policy by reason of the injury of plaintiff's employee in the New York accident." Thus, the Court of Appeals adopted the basic Weinberg rationale of permitting an action by the employer against the carrier on the policy, but required that the factual determination of whether compensation was owed and, if so, how much, be determined by the appropriate administrative tribunal established by New York's compensation law.
Defendant would adopt the Woodview Villa approach and require plaintiff, standing in place of his employer, to return to Minnesota and there proceed before the Industrial Commission. This would really be no different than had plaintiff initially filed for an award under Minnesota's compensation law. Not only would it frustrate the award he obtained in the Workmen's Compensation Division under our law, but would require a complete rerun of the case, more than six years after the accident.
There is an additional and critical consideration which militates against requiring plaintiff to seek relief in Minnesota against defendant insurer, and that is the question of the statute of limitations. Minn. Stat. Ann., § 176.151(1) provides that the time for "actions or proceedings" by an injured employee to determine or recover compensation is limited to "two years after the employer has made written report of the injury to the [Industrial Commission], but *52 not to exceed six years from the date of the accident." In a supplemental memorandum requested by the court, defendant informs us that the Minnesota Industrial Commission advised it that the employer's "First Report of Injury" regarding plaintiff's accident was filed on October 6, 1964. The date of injury was September 4, 1964. Thus, both periods of limitation have run. It appears that the time period thus prescribed by Minnesota's compensation statute has been considered by the Minnesota courts as having a substantive effect, and that upon the expiration thereof the right to compensation ceases to exist. See Lipmanowich v. Crookston Lumber Co., 168 Minn. 332, 210 N.W. 47 (Sup. Ct. 1926). Defendant insists it would be entitled to that defense. (The same rule obtains in New Jersey where the limitation period in N.J.S.A. 34:15-51 (and see N.J.S.A. 34:15-41) has been held to be jurisdictional. See, e.g., De Asio v. Bayonne, 62 N.J. Super. 232, 235-236 (App. Div. 1960)).
From a practical and equitable point of view, the matter is best resolved by applying the conflict of laws approach of the Maryland Court of Appeals in Kacur. The accident happened here, the compensation case was fully tried in the Workmen's Compensation Division, and the records are here. The matter will be remanded to the Division where, after considering the record established in the original proceedings and taking whatever supplementary testimony is necessary, it shall apply the Minnesota statute in fashioning an award which will fully and accurately reflect what plaintiff would have recovered for his particular injuries under the Minnesota schedules detailed in Minn. Stat. Ann., § 176.101, as amended.

III
The trial court, as noted, awarded plaintiff a counsel fee of only $1,300 when he had requested $4,725.33, approximately one-third of plaintiff's recovery. Neither the *53 statutes governing workmen's compensation nor our rules of court authorize the payment of plaintiff's counsel fees for enforcement of an award against his employer's insurer. N.J.S.A. 34:15-26 provides for counsel fees in proceedings under Article 2 of the Workmen's Compensation Act (N.J.S.A. 34:15-7 et seq.  "Elective Compensation"), and N.J.S.A. 34:15-64 provides for counsel fees in proceedings under Article 4 (N.J.S.A. 34:15-49 et seq.  "Claims and Determinations Thereof"). Plaintiff's action did not fall within the provisions of either Article 2 or 4, so that no counsel fee could be awarded thereunder.
R.R. 5:2-5(f), now R. 4:74-1(f), provided that the County Court may, in its discretion, allow a reasonable attorney's fee to the prevailing party on appeal from an order or determination of the Workmen's Compensation Division. The present proceeding is not an appeal from the Division. Accordingly, a counsel fee should not have been allowed. See Gerhardt v. Continental Ins. Cos., 48 N.J. 291 (1966); but cf. Minter v. Bendix Aviation Corp., 24 N.J. 128 (1957), where, in exceptional circumstances, the Supreme Court awarded the first compensation claimant counsel fees for defending an interpleader action.
Reversed and remanded for further proceedings in accordance with this opinion. We do not retain jurisdiction.