Hillsborough
No. 7503

AMERICAN MUTUAL INSURANCE COMPANY
AND HERBERT ENGINEERING, INC.

v.

ROBERT M. DUVALL, COMMISSIONER OF LABOR,
LIBERTY MUTUAL INSURANCE COMPANY,
COMPOSITE CONSTRUCTION COMPANY, INC.
AND
WILLIAM LAMBERT

March 31, 1977

*Wiggin & Nourie,* of Manchester, and *Gordon A. Rehnborg, Jr.* (*Mr. Rehnborg* orally) for the plaintiff American Mutual Insurance Company.

*Wadleigh, Starr, Peters, Dunn & Kohls,* of Manchester (*Mr. Charles J. Dunn* orally) for the defendant Liberty Mutual Insurance Company.

*George J. Basbanes,* of Lowell, Mass., for the defendant Composite Construction Company, waived brief and oral argument.

*Devine, Millimet, Stahl & Branch,* of Manchester, for the defendant William Lambert, waived brief and oral argument.

PER CURIAM. The primary question raised herein is whether a workmen's compensation insurance carrier, which issues a policy limiting coverage to that provided under the workmen's compensation law of Massachusetts, is required to furnish benefits to its insured's injured employee who files for compensation under the law of New Hampshire. This question was left undecided by us in *Skyline Painters, Inc. v. Travelers Ins. Co.,* 113 N.H. 336, 306 A.2d 759 (1973), but we now hold, for the reasons which follow below, that the carrier is so obligated, to the extent of its liability under the Massachusetts workmen's compensation act.

The facts of the case are not in dispute. William Lambert, an employee of Composite Construction Company, was injured in an accident at a construction site in Concord, New Hampshire. Composite, a Massachusetts corporation, was performing work on the project as a subcontractor of Herbert Engineering, Inc. Composite had a workmen's compensation and employer's liability policy with Liberty Mutual Insurance Company. The general contractor Her-

bert was similarly insured by American Mutual Insurance Company.

William Lambert filed for benefits under RSA ch. 281, the New Hampshire workmen's compensation act. At a hearing before the labor commissioner, and subsequently in an action before the Superior Court (*Keller*, C.J.), it was correctly determined that the subcontractor Composite had failed to secure payment of compensation to its employees within the meaning of RSA 281:9 (Supp. 1975), and that accordingly under RSA 281:4-a (Supp. 1975), the initial liability for Lambert's injuries was imposed upon the general contractor Herbert and its insurer, American Mutual. As the superior court further found, RSA 281:4-a (Supp. 1975) additionally provides the general contractor with a right of reimbursement against the subcontractor. The question which we are asked to decide is whether the final responsibility for the injured employee's benefits rests with Composite, or whether its insurer Liberty Mutual bears any liability therein.

Liberty contends that its policy provision limiting coverage to that provided under Massachusetts law insulates it from liability for three reasons. First it takes the position that the employee Lambert was hired in Maine rather than in Massachusetts. Inasmuch as Lambert's injury occurred in New Hampshire, it will not be covered under the workmen's compensation law of Massachusetts, and will therefore not come within the terms of the policy, unless the contract of hire was executed in Massachusetts. *Skyline Painters, Inc. v. Travelers Ins. Co.*, 113 N.H. 336, 306 A.2d 759 (1973). Second, Liberty maintains that Lambert's filing of his claim in New Hampshire constituted a disclaimer under Mass. Gen. Laws ch. 152, § 26 (Supp. 1976) and therefore precluded his eligibility from benefits under Massachusetts law. Finally it is argued that the language of the policy restricts coverage to claims actually filed before the Massachusetts Industrial Accident Board, and does not cover an employee who claims benefits in another state even though he may also be eligible in Massachusetts.

The facts surrounding Lambert's hire are as follows. The week prior to the commencement of his employment with Composite, Lambert had been working in Massachusetts for another company with one Ziehler, as a member of Ziehler's construction team. During that week, Composite engaged Ziehler to go to work for them, beginning the following Monday, at a job site in Waltham, Massachusetts. At the request of Ziehler, made pursuant to discussions

between him and Lambert held in Massachusetts, Composite authorized Ziehler to bring to work with him a friend, later identified as Lambert. Ziehler made a telephone call from Massachusetts to Lambert's residence in Maine, asking Lambert to go to work with him for Composite at the Waltham site. Lambert agreed, and both men reported to work on July 18, 1973.

Lambert did not belong to the local union covering the Waltham project, but was a member of the Iron Workers Local of Norfolk, Virginia. When he reported for work on the 18th, it was necessary for Composite's steward to contact the local union to clear Lambert, before he could be hired. The necessary clearance was obtained, and Lambert was employed by Composite in Waltham. He continued to work for Composite in Massachusetts, until he was assigned to work on the New Hampshire project where he was injured.

■ Liberty argues that although the contract of hire was negotiated in Massachusetts and was to be performed primarily in Massachusetts, Lambert's agreement while on the telephone in Maine to appear at the work site with Ziehler constituted the necessary final act of his hiring, and that accordingly the place of the contract's making was Maine. The superior court found, however, that the parties mutually understood that no contract would be formed until Lambert appeared at the Massachusetts work site and was then cleared by the local union, and that therefore Massachusetts was necessarily the place of the contract. Moreover, Composite retained the right to reject an individual who was found to be physically unfit for the job upon his appearance at the site. We find that the record sustains the court's determination that the contract was accomplished in Massachusetts. In this connection, we make note of the observation of the United States Court of Appeals for the First Circuit that "while the Massachusetts courts have sometimes taken the view that the contract is made in the state where the 'last material act' occurs [citations omitted], they have not carried this notion to the point of imposing indiscriminately the law of the state where the acceptance originates [citations omitted], and it seems unlikely that they would do so today, when travel and communications are such that acceptances may frequently be transmitted from places having only a remote connection with the transaction." *Molinar v. Western Elec. Co.*, 525 F.2d 521, 527–28 (1st Cir. 1975), *cert. denied*, 424 U.S. 978 (1976).

■ Liberty's second argument is based upon Mass. Gen. Laws ch. 152, § 26 (Supp. 1976), which contains a provision excluding from the extraterritorial coverage of the Massachusetts workmen's compensation act those cases of injury occurring outside of the commonwealth wherein the employee has "given notice of his claim of rights of action under the laws of the jurisdiction wherein such injury occurs." Liberty contends that Lambert's filing for New Hampshire benefits constitutes such "notice" as is contemplated by the foregoing provision, and that accordingly Lambert has disclaimed coverage under the Massachusetts Act. However, in interpreting this language in Mass. Gen. Laws ch. 152, § 26 (Supp. 1976), a well-recognized Massachusetts authority has stated "This [provision] has been construed to mean a notice under [Mass. Gen. Laws ch. 152, § 24], which requires *written* notice of disclaimer *at the time of the contract of hire.* Since no employee ever gives such a notice, the proviso has no practical effect." 29 L. Locke, Massachusetts Practice Series: Workmen's Compensation § 45, at 46–47 (1968) (emphasis added). There is no indication that Lambert filed such a written disclaimer in the instant case. Furthermore, the Massachusetts Supreme Judicial Court has held that where an employee is not seeking double benefits, the receipt of compensation in another state does not constitute a bar to a further award in Massachusetts. *Lavoie's Case,* 334 Mass. 403, 135 N.E.2d 750 (1956); *Migues' Case,* 281 Mass. 373, 183 N.E. 847 (1933). *See also McLaughlin's Case,* 274 Mass. 217, 174 N.E. 338 (1931). Accordingly, Mass. Gen. Laws ch. 152, § 26 (Supp. 1976) in no way precludes Lambert from eligibility under the Massachusetts law so as to exclude him from coverage under the Liberty policy.

Finally, we must interpret the Liberty policy language limiting coverage to that "afforded under the workmen's compensation law of Massachusetts." It is contended that this language narrows the scope of the policy to include only those employees who actually seek compensation in Massachusetts, and does not encompass employees such as Lambert, who are eligible to claim Massachusetts benefits even though they elect to receive compensation under the law of another jurisdiction. Support for Liberty's interpretation may be found in *Travelers Insurance Company v. Industrial Accident Commission,* 240 Cal. App. 2d 804, 50 Cal. Rptr. 114 (1966); *Consolidated Underwriters v. King,* 160 Tex. 18, 325 S.W.2d 127 (1959).

Other courts and authorities, however, have taken a different and, we believe, preferable view of the scope of an insurance carrier's liability under a policy such as the one with which we deal herein. *See Kacur v. Employer's Mut. Cas. Co.*, 253 Md. 500, 254 A.2d 156 (1969); *Weinberg v. State Workmen's Ins. Fund*, 368 Pa. 76, 81 A.2d 906 (1951); *Toebe v. Employer's Mut.*, 114 N.J. Super. 39, 274 A.2d 820 (1971) *rev'd on other grounds*, 63 N.J. 198, 306 A.2d 66 (1973); 4 A. Larson, *supra* § 93.41, at 17-54, -55 (1976). As the Supreme Court of Maryland stated in *Kacur, supra* at 507, 254 A.2d at 160, "It would appear to us that the courts both in *Travelers, supra*, and *Consolidated, supra*, jumped at the obvious by seizing upon what appears to be the literal language of the coverage provisions of the contract, concerning which law may be applicable to benefits, rather than analyzing the liability incurred by the insurance carrier under the terms of its contract with the employer." As we have discussed above, Lambert's injury rendered him eligible for Massachusetts benefits and, correspondingly, imposed liability on his employer to pay him such compensation. Liberty, by its contract, expressly agreed to assume this liability. That Lambert for reasons of his own, chose to file in New Hampshire, is a happenstance which is irrelevant to the question of Liberty's liability under the policy. We agree with the conclusion of the Supreme Court of Pennsylvania in *Weinberg v. State Workmen's Insurance Fund*, 368 Pa. 76, 81–82, 81 A.2d 906, 908–09 (1951), that under the facts herein it cannot fairly be inferred from the terms of the policy, or from what the parties to the contract could have contemplated, that the obligation of coverage existed in the limited circumstance that the eligible employee actually filed in Massachusetts. *See also Kacur v. Employer's Mut. Cas. Co.*, 253 Md. 500, 508–09, 254 A.2d 156, 161 (1969); *Toebe v. Employer's Mut.*, 114 N.J. Super. 39, 47–48, 274 A.2d 820, 825 (1971), *rev'd on other grounds*, 63 N.J. 198, 306 A.2d 66 (1973). Had such a limitation of liability been intended, it could have been easily and explicitly stated in the policy.

As the court in *Toebe, supra*, observed, by thus holding the insurer liable for only that portion of the award which would have been recoverable in Massachusetts, neither the terms of the policy nor its premium base is changed. Rather, the sound public policy of Massachusetts allowing workmen's compensation benefits to employees injured out-of-state is effectuated by the retention of the

statutory remedy of suit against the insurer to obtain recovery. *Toebe, supra* at 47–49, 274 A.2d at 824–25.

Composite, however, maintains that Liberty's responsibility should be even greater than that provided herein, in that it should be held liable for the entire amount of benefits recovered by Lambert under the law of New Hampshire. In this argument Composite relies on Mass. Gen. Laws ch. 152, § 25, which provides, "If an insured person who has complied with the rules, regulations and demands of the insurer is required by a judgment of a court to pay to an employee any damages on account of personal injury sustained by such employee during the period covered by insurance, the insurer shall pay to the insured the full amount of such judgment and the cost assessed therewith if the insured shall have given the insurer written notice of the bringing of the action in which the judgment was recovered and an opportunity to appear and defend the same." This statute, however, is not applicable to the instant case, in that it clearly limits its coverage to situations wherein a judgment requires payment by the insured "to an employee." The provision, which evidences a legislative recognition of the semi-public character of workmen's compensation insurance in connection with employee coverage, *see* 4 A. Larson, *supra* § 92.00 (1976), has the apparent intent to protect the employee by providing, insofar as he is concerned, that the liability of the insurance carrier shall be coextensive with the liability of the insured. Thus the employee is not forced into dual litigation to settle the liability of each of these, and the provision of adequate funds to recompense his injuries is assured. *See* 4 A. Larson, *supra* § 93.10 (1976).

In the instant case, however, the protection of the employee is not in issue, inasmuch as American Mutual is obligated in the first instance under RSA 281:4-a (Supp. 1975) to fully provide all benefits to which Lambert is entitled. We do not find Mass. Gen. Laws ch. 152, § 25 to apply to a situation wherein the full coverage of the employee is assured, and the only question is the adjudication of liability as between the two parties to the insurance contract. The language of Composite's policy with Liberty clearly limits the liability of the insurer to that incurred under the law of Massachusetts and, where the employee is fully provided for, we perceive no public policy consideration which would justify a judicial modification of the obligations under that contract. *See* 4 A. Larson, *supra* §§ 92.00, 94.30 (1976). Had Composite desired coverage

under the law of New Hampshire it could have obtained such protection through the payment of the additional premium. Accordingly, the order is

*Exceptions sustained in part, overruled in part; remanded.*

DOUGLAS, J., did not sit.