### CHARLES LYNCH'S CASE.

Suffolk.    November 16, 1932. — January 5, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Workmen's Compensation Act*, To whom act applies, Injury occurring on Federal land. *Jurisdiction.*

The Industrial Accident Board has jurisdiction to award compensation under G. L. (Ter. Ed.) c. 152, § 26, to an employee who was hired in the Commonwealth by a building contractor and who received an injury, arising out of and in the course of his employment by the contractor, on land owned by the United States within the Commonwealth.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation.

It appeared that the claimant was injured on October 14, 1931. Other material facts are stated in the opinion. By order of *Whiting*, J., in the Superior Court, a decree was entered in accordance with the decision by the board. The insurer appealed.

*G. A. Murphy*, for the insurer.

*S. B. Horovitz*, (*B. A. Petkun* with him,) for the claimant.

CROSBY, J. This is an appeal by the insurer from a final decree, entered in the Superior Court, affirming a decision of the reviewing board of the Industrial Accident Board which affirmed an award of compensation made to the employee by a single member.

Before and at the time of injury, the employee was working for N. P. Severin Company, a general contractor, in the construction of the new post office building in Boston. It was agreed that the land upon which the building was being erected was owned by the United States, and that the office in which the employee was hired was in Boston. At the moment of the accident the employee was at work on ground owned by the United States, but

in the course of his employment he had occasion from time to time to leave the Federal property. The only contention, and the ground of appeal, is that, since the injury occurred on land of the United States, the Federal government had sole jurisdiction and the Industrial Accident Board was without jurisdiction to make any order or finding against the insurer.

Section 26 of G. L. c. 152 (the workmen's compensation act) as amended by St. 1927, c. 309, § 3, reads: "If an employee who has not given notice of his claim of common law rights of action, under section twenty-four, or who has given such notice and has waived the same, receives a personal injury arising out of and in the course of his employment, or arising out of an ordinary risk of the street while actually engaged, with his employer's authorization, in the business affairs or undertakings of his employer, and whether within or without the commonwealth, he shall be paid compensation by the insurer, as hereinafter provided, if his employer is an insured person at the time of the injury; provided, that as to an injury occurring without the commonwealth he has not given notice of his claim of rights of action under the laws of the jurisdiction wherein such injury occurs or has given such notice and has waived it." It is plain that before this amendment the employee would be without a remedy under the act. *Gould's Case,* 215 Mass. 480. By the amendment the act is given extraterritorial force, and it is not open to doubt that one who is employed in this Commonwealth can recover under the act for an injury which occurred in another State. *Pederzoli's Case,* 269 Mass. 550. *McLaughlin's Case,* 274 Mass. 217, 219. *Armburg* v. *Boston & Maine Railroad,* 276 Mass. 418, 424.

The insurer contends that the statute is not applicable where the injury occurred on land of the United States, that to construe it otherwise would render it unconstitutional; and argues that, when the Commonwealth by the enactment of St. 1870, c. 327, § 1, gave its consent to the United States for the purchase of the land, the sole concurrent jurisdiction retained was that of executing civil

and criminal process, and that the Constitution of the
United States under art. 1, § 8, gives Congress power to
exercise exclusive legislation over any land acquired by
the Federal government for needful buildings. It is a
fundamental principle of our government that each State
is sovereign, and generally has exclusive jurisdiction within
its borders. Yet, under G. L. c. 152, § 26, as amended by
St. 1927, c. 309, § 3, it is settled that an employee hired in
this Commonwealth may recover under the act for an in-
jury occurring in another State. In principle we are unable
to perceive any sound ground for the application of a dif-
ferent rule when the injury occurs on Federal land. The
case of *Loney* v. *Industrial Accident Board*, 87 Mont. 191,
is similar to the present case: there the employee was
hired in Montana to work on a road being constructed for
the National Forest Service, which was partly in Montana
and partly in Glacier National Park, a tract of land ceded
to the United States by the State. The injury occurred
while the employee was on that part of the road within
the boundaries of the park. In holding that there might
be recovery under the Montana workmen's compensation
act the court said at page 195: "Conceding, for the sake
of argument only, that the three miles of road within the
Glacier National Park is beyond the territorial jurisdiction
of this state for many purposes, we have no doubt that the
provisions of the Workmen's Compensation Act cover this
case . . . . The employer and employee, citizens of Mon-
tana, are governed by a contract made in Montana. They
elected to be bound by plan 3, a statutory enactment for
the benefit of employer and employee alike. The statute
entered into and became a part of their contract." In
*Saunders' Case*, 126 Maine, 144, it was held that an em-
ployee who was hired in Maine and sent to Canada and
was injured while at work there could recover under the
Maine workmen's compensation act. In *Nickell* v. *Depart-
ment of Labor & Industries*, 164 Wash. 589, it was held
that a contractor for the construction of a bridge for the
Federal government in a national forest reserve was an
independent contractor and subject to the provisions of

the workmen's compensation act, and was not a Federal agent engaged in a governmental capacity. In that case it was said by Parker, J., at page 594: "The fact that the state might not be enabled to successfully invoke injunctive relief as against a Federal contractor, we think, does not argue that it may not enforce its other prescribed remedies looking to the collection of contribution from the employer as provided by our workmen's compensation act." In *Bradford Electric Light Co. Inc.* v. *Clapper*, 286 U. S. 145, it is held that the courts of a State in which an injury occurred to an employee hired in another State are bound to give full faith and credit to the workmen's compensation statute of the State of hiring, which formed part of the contract of hiring, and by which the remedy of an employee in case of injury, whether within or without the State, is limited to the recovery of compensation therein provided. It was there said at pages 157–158: "Workmen's compensation acts are treated, almost universally, as creating a statutory relation between the parties — not, like employer's liability acts, as substituting a statutory tort for a common law tort." See *Grant Smith-Porter Ship Co.* v. *Rohde*, 257 U. S. 469, 476–478. As there is no Federal workmen's compensation law there is no basis for a contention that the Federal government has taken possession of the field and for that reason all State laws on the subject were superseded. See *Seaboard Air Line Railway* v. *Horton*, 233 U. S. 492, 501.

The fact that in the case at bar the injury occurred on land of the United States does not render inapplicable the State workmen's compensation act. The act as amended governs the contract of the parties in the present case. It follows that the entry must be

*Final decree affirmed.*