FELIX ZARSKI *vs.* NEAL CREAMER
(and a companion case[1]).

Suffolk.     January 2, 3, 1945. — February 28, 1945.

Present: FIELD, C.J., LUMMUS, QUA, WILKINS, & SPALDING, JJ.

*Negligence*, Licensee; Employer's liability: fellow servant. *Practice, Civil*, Ordering verdict, Variance.

No error appeared in the entry by a judge of a verdict for the defendant under leave, reserved upon the recording of a verdict for the plaintiff in an action for personal injuries sustained when a truck of the defendant in which the plaintiff was riding with the operator, an employee of the defendant, left the road, where the jury found specially

---

[1] The companion case is Isabell Roggins *vs.* Neal Creamer.

that the proximate cause of the injuries was negligence of the defendant in permitting the truck to be operated by such employee, but the only cause of action stated in the declaration was negligence in the operation of the truck.

One not shown to be a guest rider, but at most a licensee, in a motor vehicle being operated in New Hampshire was not entitled to recover for injuries sustained when the vehicle left the road, where there was no evidence of wanton or reckless conduct of the operator, whether or not there was evidence of negligence on his part.

The fellow servant rule in the common law of New Hampshire and of Massachusetts barred an action of tort by an employee against his employer, not insured under the workmen's compensation act of either State, for personal injuries caused in New Hampshire by negligence of a fellow employee where it was conceded by the plaintiff that the workmen's compensation act of New Hampshire had no application and it did not appear that the defendant had hired the plaintiff in Massachusetts.

TWO ACTIONS OF TORT. Writs in the Municipal Court of the City of Boston dated August 8, 1942.

On removal to the Superior Court, the actions were tried together before *Cabot, J.*

*H. L. Barrett,* for the plaintiffs.

*K. C. Parker,* for the defendant.

LUMMUS, J.  On September 11, 1941, during the night, the plaintiffs were riding in New Hampshire in a truck owned by the defendant and operated by his servant Keats. The plaintiffs received personal injuries when the negligence of Keats caused the truck to leave the road and crash into some large trees. Keats was killed in the collision.

The plaintiff Zarski was a servant of the defendant, employed in the operation of his travelling amusement enterprise which was part of a "carnival" called Coleman Brothers' Show.  Zarski and Keats were fellow servants. The plaintiff Roggins was employed by one Berry, who conducted a separate business associated with the "carnival."

The defendant told Zarski at Greenfield that the carnival was going to Keene, New Hampshire, and that Zarski was to ride there with Keats. Zarski at Greenfield seated himself in the truck which Keats was to operate. Roggins knew that she had no right to ride in the truck, but she also seated herself in it.  The defendant talked with Keats at the truck a few minutes before it started,

and saw Roggins in it, but testified that it was raining and that "all show people . . . go for the nearest shelter when it rains and people frequently jump into his truck to get out of the rain." He testified that he did not know that Roggins intended to ride to Keene in the truck. The defendant was not insured under the workmen's compensation laws of either Massachusetts or New Hampshire.

The defendant testified that he advised Keats to get some sleep before starting, but Keats answered that he would get some sleep at Keene.

In answer to special questions the jury found that the defendant's truck was being driven with his consent, that he consented to Roggins's riding in the truck, that he was negligent in consenting to the operation of the truck by Keats, and that such negligence was a proximate cause of the injuries. It is at least doubtful whether the last two findings were warranted by the evidence.

The jury returned a verdict for Zarski in the sum of $8,500, and a verdict for Roggins in the sum of $800. Under leave reserved the judge entered a verdict for the defendant in each case. But in the case of Roggins the judge found that the damages were inadequate, and the result of compromise, and that if she could recover at all it would be "grievously unjust to the defendant" to limit a new trial to the question of damages. He ordered that if there was error in entering a verdict for the defendant in her case, there should be a complete new trial. To that order Roggins excepted. Both plaintiffs excepted to the entry of verdicts for the defendant under leave reserved.

There was evidence that the defendant knew that Keats had worked seventeen hours on the preceding day, and needed sleep. But there was no evidence that Keats was wanting in alertness at the time of the injury, apart from the fact that the truck left the road. And Roggins testified that Keats "told us to hold on, that he was going off the road." But even if the defendant were negligent personally in permitting Keats to drive, and that negligence bore a causal relation to the injury, the plaintiffs could not recover because of that negligence, for in their declara-

tions they restricted their causes of action to negligence in the operation of the truck. *Foley* v. *John H. Bates Inc.* 295 Mass. 557, 563. Resort may be had to the pleadings to support the action of the trial judge. *Brasslavsky* v. *Boston Elevated Railway*, 250 Mass. 403, 404. *Glynn* v. *Blomerth*, 312 Mass. 299, 302. *Coughlin* v. *Coughlin*, 312 Mass. 452, 454. *Puro* v. *Heikkinen*, 316 Mass. 262. Compare *Weiner* v. *D. A. Schulte, Inc.* 275 Mass. 379, 385; *Beit Bros. Inc.* v. *Irving Tanning Co.* 315 Mass. 561, 563.

Though under the law of New Hampshire a guest rider may recover for ordinary negligence (*Lee* v. *Chamberlin*, 84 N. H. 182, 188; *Gray* v. *Gray*, 87 N. H. 82, 84; *Hall* v. *Hamel*, 244 Mass. 464), the plaintiff Roggins cannot recover against the defendant because of the negligence of Keats, because she was not invited to ride by the defendant or by anyone acting by his authority, and was at most a bare licensee entitled only to freedom from intentional injury and injury by wanton or reckless conduct. *Utica Mutual Ins. Co.* v. *Langevin*, 87 N. H. 267, 268. *Little* v. *Levison*, 316 Mass. 159. *Metropolitan Life Ins. Co.* v. *Gosney*, 101 Fed. (2d) 167, 171.

The plaintiff Zarski concedes that the workmen's compensation law of New Hampshire had no application to the business of the defendant. The workmen's compensation law of Massachusetts is not shown to apply, for there was no evidence that the defendant hired Zarski in Massachusetts. *Bauer's Case*, 314 Mass. 4, and cases cited. Therefore the fellow servant rule, which at common law is in force in New Hampshire as well as Massachusetts, prevents him from recovering. *Hilton* v. *Fitchburg Railroad*, 73 N. H. 116. *Jutras* v. *Amoskeag Manuf. Co.* 84 N. H. 171, 173. *Moore* v. *Morse & Malloy Shoe Co.* 89 N. H. 332.

Since the plaintiff Roggins cannot recover at all, her exception with respect to her motion for a new trial is immaterial.

*Exceptions overruled.*