Merrimack
No. 6479

SKYLINE PAINTERS, INC.

v.

TRAVELERS INSURANCE COMPANY

June 29, 1973

*Hall, Morse, Gallagher and Anderson (Mr. G. Wells Anderson
orally) for the plaintiff.*

*Wadleigh, Starr, Peters, Dunn and Kohls (Mr. Theodore Wad-
leigh orally) for the defendant.*

GRIMES, J. The issue presented by this case is whether a policy, limited to employees covered by the workmen's compensation law of Massachusetts, insures a Massachusetts employer for an employee who was hired in New Hampshire and was subsequently injured here.

Travelers Insurance Co. issued the controverted workmen's compensation policy to Skyline Painters, Inc., a Massachusetts corporation. The policy coverage applied to the workmen's compensation law of Massachusetts. Skyline obtained a painting contract with Pease Air Force Base in Portsmouth, New Hampshire, and Travelers issued a certificate of insurance to Pease Air Force Base on the contract. This certificate applied within Massachusetts and elsewhere but "only for employees subject to the Massachusetts Workmen's Compensation Act". Four of the seven men on the Pease job were New Hampshire residents hired in New Hampshire by Skyline for that job through the Portsmouth Painters Union.

George P. Seale, one of the New Hampshire employees, injured his knee while working on the Pease job. Travelers denied coverage under the policy. Seale proceeded against Skyline under RSA 281:10 for failing to obtain workmen's compensation coverage as required by RSA 281:9. After a hearing, the labor commissioner held Skyline to be an employer under RSA 281:2 I that had failed to secure payment of compensation for its employees under RSA 281:9 and awarded compensation to Seale under RSA 281:10.

Skyline filed a petition for declaratory judgment in the superior court to determine whether the accident to Seale was covered by the terms of the Travelers workmen's compensation policy and the terms of certificate of insurance issued by Travelers to Pease Air Force Base. The Superior Court *(Cann, J.)* reserved and transferred with an agreed statement

of facts the question "Does the policy provide coverage for this accident where the claim is filed with the New Hampshire Labor Commission?"

The policy and the certificate of insurance both apply coverage only to claims by employees who are subject to the workmen's compensation law of Massachusetts.

Those Massachusetts cases which have held the Massachusetts act applicable to employees injured outside of Massachusetts have done so on the basis that the place of hiring was in Massachusetts. *McLaughlin's Case*, 274 Mass. 217, 174 N.E. 338 (1931); *Armburg v. Boston & Me. R.R.*, 276 Mass. 418, 177 N.E. 655 (1931); *Lynch's Case*, 281 Mass. 454, 183 N.E. 834 (1933); *Migues Case*, 281 Mass. 373, 183 N.E. 847 (1933); *Wright's Case*, 291 Mass. 334, 197 N.E. 5 (1935).

The question whether or not the Massachusetts act applies to injuries suffered by employees outside the State when the contract for hire was not made in Massachusetts has not been directly decided by the courts of that Commonwealth. However, in *Zarski v. Creamer*, 317 Mass. 744, 59 N.E.2d 704 (1945), involving an action brought in Massachusetts in which the defense raised the fellow servant doctrine, the court said that the Massachusetts workmen's compensation statute does not apply when the accident occurred in New Hampshire and there was no evidence that the plaintiff was hired in Massachusetts. The statement of the court in *Zarski* suggests that the Massachusetts court would hold that Seale was not subject to the workmen's compensation act of that Commonwealth. Consequently, our answer to the question transferred is "No".

Because we hold that Seale was not subject to the Massachusetts act, we need not decide whether the policy and certificate would provide coverage for that amount of a New Hampshire award which an employee would have been entitled to recover under the Massachusetts act.

*Judgment for the defendant.*

All concurred.