Hillsborough
No. 6639

JAMESTOWN MUTUAL INSURANCE COMPANY

v.

ELIZABETH G. MEEHAN AND THOMAS G. MEEHAN,
doing business as DERRYFIELD HOTEL,
FRANCIS E. HUARD AND JOHN M. WALSH

November 30, 1973

*Wiggin, Nourie, Sundeen, Pingree & Bigg* and *Susan R. Monson* (*Mr. Dort S. Bigg* orally) for the plaintiff.

*James M. Winston* for defendant Francis E. Huard.

*Sheehan, Phinney, Bass & Green* (*Mr. E. Paul Kelly* orally) for defendant John M. Walsh.

*James V. Broderick, Jr.,* filed no brief for defendants Elizabeth G. Meehan and Thomas G. Meehan.

KENISON, C.J. The question presented by this case is whether the trial court properly denied the plaintiff's motion for a preliminary jury trial on the issue of whether

defendant Francis E. Huard was an employee, agent, or servant of its insured Thomas G. Meehan and Elizabeth G. Meehan, doing business as the Derryfield Hotel, when he allegedly assaulted defendant John M. Walsh at the hotel on or about February 22, 1969. Defendant Walsh brought an action against defendants Meehans and Huard for damages arising from the alleged assault, and both of the latter claimed coverage under an insurance policy issued to the hotel by the plaintiff. The plaintiff filed a petition for declaratory judgment seeking a clarification of its obligations under the policy toward defendants Meehans and Huard.

The Trial Court (*King, J.*) held that the insurance policy imposed a duty on the plaintiff to defend the defendants Meehans, but made no finding as to whether a similar duty existed concerning defendant Huard. The plaintiff moved for a separate trial in advance of the trial on the merits to determine whether defendant Huard was an employee, agent, or servant of the hotel at the time of the assault. It argued that the separate trial would relieve it of the "intolerable" position of having to litigate this question of coverage in an adversary posture against defendant Huard before the same jury before which it would be defending him on all other aspects of the case. The trial court denied the motion on the ground that a fair determination of the issue of employment could be ensured by adequate instructions to the jury and reserved and transferred the plaintiff's exception thereto.

As a general rule a declaratory judgment is the proper and convenient procedure for conclusively deciding preliminary questions of coverage before the trial of suits against an insured. *Farm Bureau Ins. Co. v. Manson,* 94 N.H. 389, 391-92, 54 A.2d 580, 582 (1947); *American Motorists Ins. Co. v. Rush,* 88 N.H. 383, 384-85, 190 A. 432, 434 (1937); *see e.g., Skyline Painters, Inc. v. Travelers Ins. Co.,* 113 N.H. 336, 306 A.2d 759 (1973); *Sun Ins. Co. v. Hamanne,* 113 N.H. 319, 306 A.2d 786 (1973). In this case, however, the trial court determined that the interests of the parties could be better served by leaving the question concerning defendant Huard's relationship with the named insured for the trial on the merits. The original action filed on February 28, 1969, by defendant

Walsh against the other parties had been held in abeyance for over three years awaiting the outcome of the numerous hearings and motions precipitated by the plaintiff's action for declaratory judgment, and the record suggests that the trial judge acted to avoid further delays in the litigation.

The law of this jurisdiction is that the manner and timing of the trial of all or part of the issues in an action is a question of justice and convenience within the discretion of the trial judge. *Dunn & Sons, Inc. v. Paragon Homes of New England, Inc.*, 110 N.H. 215, 219, 265 A.2d 5, 8 (1970). *See also* Fed. R. Civ. P. 42(b); 9 C. Wright & A. Miller, Federal Practice and Procedure §2388 (1971). His findings will not be disturbed in the absence of a showing of abuse. *Eichel v. Payeur*, 107 N.H. 194, 196, 219 A.2d 287, 288 (1966); *see Idzojtic v. Pennsylvania R.R.*, 456 F.2d 1228, 1230 (3d Cir. 1972).

The plaintiff has stressed the impossibility of effectively litigating this case before a single jury because of the conflicting roles it must assume on the various issues. Such conflict is a common problem in the litigation of insurance questions and can be resolved by separate trials. *See* R. Keeton, Insurance Law §7.7 (1971); Hutcheson, *Recurring Conflict Problems Facing Insurance Defense Attorneys,* 37 Ins. Coun. J. 501, 504-05 (1970); Note, *Duty of Attorney Appointed by Liability Insurance Company,* 14 Clev.-Mar. L. Rev. 375, 379-84 (1965). However, we agree with the trial court that the possibility of prejudice resulting from the plaintiff's position in this case can be guarded against by proper instructions to the jury and believe that in weighing the competing policies defendant Walsh's right to have his actions speedily tried should not be held up by a coverage dispute between the plaintiff and defendant Huard. *See Moulton v. Owler*, 5 F. Supp. 700, 701 (D.N.H. 1934); 1 W. Anderson, Actions for Declaratory Judgment § 228 (2d ed. 1951). *See generally* R. Keeton, Insurance Law 7.7 (c) (1971); Annot., 28 A.L.R.3d 389, §§2(b), 6 (1969); Annot., 18 A.L.R.3d 482, §3 (1968). Furthermore, since the plaintiff is already obligated to defend defendants Meehan, its task in litigating this case is no more onerous than that imposed on counsel for an employer in negligence cases presenting a preliminary question of whether a person was an agent or was acting within the scope of his employment.

See e.g., *Christian v. Elden,* 107 N.H. 229, 221 A.2d 784 (1966); *Chalmers v. Harris Motors,* 104 N.H. 111, 179 A.2d 447 (1962).

*Plaintiff's exceptions overruled.*

All concurred.