Hillsborough
No. 79-295

THE STATE OF NEW HAMPSHIRE

v.

JOSEPH A. LISTER
October 5, 1979

*Thomas D. Rath,* attorney general, *Peter W. Heed,* assistant attorney general (*David L. Harrigan,* assistant attorney general, orally), for the State.

*John A. Macoul,* of Salem, and *James M. Reams,* of Exeter (*John A. Macoul* orally), for the defendant.

BROCK, J.  The Superior Court (*Contas,* J.) has transferred the following question of law to this court: "Where [a] defendant has voluntarily absented himself from criminal court proceedings for first-degree murder after completion of suppression hearings and selection, but not swearing, of five jurors, may [he] be tried *in absentia?*"

The defendant is charged with noncapital, first-degree murder and, until recently, has been in custody at the State prison pending trial. Trial was set for September 24, 1979. The first four days, from

September 24 to September 27, were devoted to various suppression motions. On September 28, 1979, the jury selection process began. At that time five jurors were selected but not sworn. Later that same day, the defendant escaped from custody and his whereabouts remain unknown at this time. Following this development, the prosecution moved to proceed with the trial *in absentia*. The trial court then transferred the question without ruling.

The defendant's counsel have argued that to proceed with the trial in the defendant's absence would deprive him of the right to confront the witnesses against him, and, therefore, would be in violation of the sixth amendment to the United States Constitution and part I, article 15 of the New Hampshire Constitution.

Although this issue is one of first impression in our jurisdiction, the Supreme Court of the United States and other federal courts have addressed the issue. As will be discussed, in the posture of this case, the answer to the transferred question hinges on whether the defendant has waived his right to be present by voluntarily absenting himself from trial, and whether his trial has commenced. These two considerations have been succinctly stated in rule 43 of the Federal Rules of Criminal Procedure, which provides in part that:

> (b)   The further progress of the trial to and including the return of the verdict shall not be prevented and the defendant shall be considered to have waived his right to be present whenever a defendant, initially present, (1) voluntarily absents himself after the trial has commenced (whether or not he has been informed by the court of his obligation to remain during the trial), . . .

FED. R. CRIM. P. 43(b). The Supreme Court has ruled that this provision does not violate the United States Constitution. *Taylor v. United States*, 414 U.S. 17 (1973).

Indeed, the constitutionality of rule 43 is well established, because it is supported by the Court's decision in *Diaz v. United States*, 223 U.S. 442 (1912). In *Taylor*, the Supreme Court cited with approval the following language in *Diaz*:

> [W]here the offense is not capital and the accused is not in custody, the prevailing rule has been, that if, after the trial has begun in his presence, he voluntarily absents himself, this does not nullify what has been done or prevent the completion of the trial, but, on the contrary, operates as a waiver of his right to be present and leaves the court free to

proceed with the trial in like manner and with like effect as if he were present. 414 U.S. at 19; 223 U.S. at 455.

It is clear that a trial *in absentia* is not barred by the United States Constitution. In considering whether a trial *in absentia* would violate part I, article 15 of the New Hampshire Constitution, we find the federal decisions persuasive. Under the New Hampshire Constitution, a criminal defendant "shall have a right to produce all proofs that may be favorable to himself; to meet the witnesses against him face to face, and be fully heard in his defense, by himself, and counsel." N.H. CONST. pt. I, art. 15. There is no prohibition against that right being waived as the result of a defendant's voluntary absence from certain proceedings.

In *Diaz*, the Supreme Court took note of the rationale that calls for the trial to continue when the defendant has voluntarily absented himself from the proceedings:

> It does not seem to us to be consonant with the dictates of common sense that an accused person...should be at liberty, whenever he pleased, to withdraw himself from the courts ...and to break up a trial already commenced. The practical result of such a proposition, if allowed to be law, would be to prevent any trial whatever until the accused person himself should be pleased to permit it. *Diaz*, 223 U.S. at 457.

We agree with that rationale and hold that at least where a trial has commenced, proceeding *in absentia* does not violate the New Hampshire Constitution. In order for a trial to have commenced it is not necessary for jeopardy to have attached. *United States v. Miller*, 463 F.2d 600, 603 (1st Cir. 1972). The trial commences once the process of impaneling jurors has begun. *Hopt v. Utah*, 110 U.S. 574, 578 (1884); *United States v. Miller supra*. In *Miller*, the entire jury panel had been selected before the defendant absented himself from the proceeding, whereas only five jurors have been selected in the present case. However, this fact does not compel us to conclude that the trial had not commenced. In *Miller*, the First Circuit Court of Appeals noted its dissatisfaction with the idea that a defendant could freely depart from a trial once the jury had been selected and thereby halt the proceedings entirely. 463 F.2d at 603.

We, similarly, find no merit to the concept that a defendant can freely depart once the jury selection process has begun and in so doing halt the proceedings. Indeed, other courts have held that a trial *in absentia* may be held where the defendant has departed before the

entire jury was selected. *People v. Pace*, 34 Ill. App. 3d 440, 339 N.E.2d 785 (1975) (veniremen were sworn to answer questions but no jurors had actually been selected). *See People v. Aiken*, 388 N.Y.S.2d 260 (App. Div. 1976) (nine jurors selected).

■ In the case at bar the defendant was present during four days of suppression hearings and actively participated in one day of jury selection. On these facts we hold that the trial had commenced. We do not address the question whether the commencement of a trial is essential to a waiver of the right to be present at trial.

■ Whether the defendant has voluntarily absented himself from the proceedings and thereby voluntarily waived his right to be present is a question of fact for the trial court to be established by the State by a preponderance of the evidence. *See Drope v. Missouri*, 420 U.S. 162 (1975).

The answer to the question transferred is "yes."

*Remanded.*

All concurred.