Belknap
No. 81-066

## The State of New Hampshire

v.

## Thomas Randall

January 15, 1982

*Gregory H. Smith*, attorney general (*Martha V. Gordon*, assistant attorney general, on the brief and orally), for the State.

*Law Offices of Bruce L. Fitzpatrick*, of Laconia (*Andrew M. Richelson* on the brief and *Mr. Fitzpatrick* orally), for the defendant.

### Memorandum Opinion

Defendant was convicted by a jury of simple assault under RSA 631:2-a. He has appealed to this court, alleging that the Trial Court (*Mullavey*, J.) erred in permitting a rebuttal witness to be called by the State following the close of his case.

When the State called the rebuttal witness to the stand, the defendant objected but did not specify any grounds, nor did counsel cite Superior Court Rule 70 which, in conjunction with Superior Court Rule 115, provides that the State cannot put in additional evidence after resting except by permission of the court for "good cause shown" and only if the evidence is "strictly rebutting." *See Jaques v. Chandler*, 73 N.H. 376, 381–82, 62 A. 713, 714–15 (1905) (construing "good cause").

■■ This case turned on whether the victim had provoked the defendant into an assault. The rebuttal witness countered defense witnesses who had testified that Randall was provoked. We conclude that the trial court did not commit reversible error in not having required an offer of proof from the State prior to permitting the rebuttal witness to be called. The conduct of a trial is a matter within the discretion of the trial judge. *Jamestown Mut. Ins. Co. v. Meehan*, 113 N.H. 639, 641, 312 A.2d 689, 691 (1973).

We find no other error and, accordingly, the order is

*Affirmed.*