Grafton
No. 87-424

## THE STATE OF NEW HAMPSHIRE

v.

## RICHARD S. MUNNIS

July 11, 1988

*Stephen E. Merrill*, attorney general (*Steven L. Winer*, assistant attorney general, on the brief), by brief for the State.

*Joanne Green*, assistant appellate defender, of Concord, by brief for the defendant.

### MEMORANDUM OPINION

BATCHELDER, J.   The defendant appeals his conviction after a jury trial in Superior Court (*Groff*, J.) on two counts of aggravated felonious sexual assault. RSA 632-A:2. He was sentenced to concurrent terms of seven and one-half to fifteen years and four to eight years. We affirm.

The victim is the defendant's twelve-year-old daughter. She was the State's primary witness at trial and testified that on one occasion the defendant forced her to perform fellatio on him, and that on another he penetrated her digitally. According to the victim's testimony, the defendant on both occasions was intoxicated. After the State rested its case, the defendant moved to strike the victim's testimony because she had not been properly sworn prior to testifying in accordance with New Hampshire Rule of Evidence 603. The trial court, however, permitted the State to reopen its case and to recall the witness to be sworn and repeat her testimony. The defendant waived repetition of the testimony, but preserved his objection with respect to the trial court's decision to permit the State to reopen its case for the purpose of swearing the witness retroactively.

On appeal, the defendant argues that the trial court's action was an abuse of discretion because it was contrary to the provisions of Rule 603 and because it resulted in prejudice to him in that the witness was permitted unfairly to bolster her own credibility by swearing that her prior testimony was truthful. The State, on the other hand, argues that the defendant's objection at the close of the State's case was untimely and therefore not properly preserved for appeal. Even if the objection was timely, the State argues, the trial court's decision to allow the witness to be recalled and sworn in order to cure any defect was a reasonable exercise of its discretion. Finally, the State claims, any error on the part of the trial court was harmless beyond a reasonable doubt.

A matter such as this is entrusted to the sound discretion of the trial court, *see State v. Duff*, 129 N.H. 731, 736, 532 A.2d 1381, 1384 (1987) (decision to recall witness within discretion of trial court); *State v. Comtois*, 122 N.H. 1173, 1175, 453 A.2d 1324, 1326 (1982) (decision to reopen case within sound discretion of trial court), and we see no abuse of discretion on these facts. In addition, a review of the record reveals that the defendant could have suffered no prejudice as a result of the retroactive oath. New Hampshire Rule of Evidence 603 establishes that the purpose of the oath is "to awaken the conscience and impress [the witness's] mind with the duty to [testify truthfully]." The witness testified on direct examination that she knew the difference between telling the truth and telling a lie, and that she was "going to be telling the truth" in her testimony. The purpose of the oath was thus served. Furthermore, the witness's brief confirmation by oath of her truthfulness cannot be said to have so emphasized her credibility as to have affected the jury to the prejudice of the defendant.

*Affirmed.*

All concurred.